HUNN H. GRISWOLD ET AL., APPELLEES, V. GEORGE HAZELS ET AL., APPELLANTS.

FILED JUNE 15, 1897. No. 7314.

1. **Deceit: RESCISSION OF CONTRACT: PLEADING AND PROOF.** Where rescission of a contract is sought on the ground of deceit, the one injured must allege and prove that he relied upon the false representations of the other party.

2. ——: ——: ——. *Held,* The petition states a cause of action.

3. **Review: CONFLICTING EVIDENCE.** This court will not disturb findings made upon conflicting evidence.

APPEAL from the district court of Pawnee county. Heard below before BUSH, J. *Affirmed.*

*F. Martin* and *John B. Raper,* for appellants.

*Story & Story, contra.*

NORVAL, J.

This is an appeal by defendants from a decree setting aside a conveyance of real estate. Plaintiffs on January 16, 1893, and for many years prior thereto, were husband and wife, and, with their children, resided upon their farm in Pawnee county, consisting of 160 acres, as their homestead. On said date they conveyed said farm to the defendant George Hazels, in exchange for an elevator owned by the latter situated in Sabetha, Kansas, and for ten shares of stock in the Fairmont Building Association of Fairmont, this state. The ground of action is that plaintiffs were induced to make the trade or exchange by certain fraudulent representations alleged to have

been made by said George Hazels as to the condition, location, and value of the elevator property and the said shares of stock.

The first point urged for a reversal is that the petition does not state sufficient facts to entitle plaintiffs to the relief demanded, on the ground it did not aver that they were induced to make the exchange by reason of the statements or representations of Mr. Hazels. Undoubtedly, where one seeks the rescission and cancellation of a contract on the ground of fraudulent representations, it must be alleged and proved on the trial that the party injured relied upon and was misled by them. This doctrine is too well settled to necessitate the citation of the authorities in support thereof. The petition in the case at bar, when tested by this rule, is not faulty in the respect suggested by the counsel for defendants, since, after setting forth specially the negotiations leading up to the trade or exchange in question, the terms of the contract and the representations of the defendant George Hazels, it contains these averments: "Relying upon the said representations of defendant George Hazels, the plaintiffs on said day entered into a written agreement with defendant for the exchange of said properties. * * * And on the 16th day of January, 1893, pursuant to said written agreement, the plaintiffs, relying upon said representations of the defendant George Hazels, conveyed their said land to him." It is evident from the above that plaintiffs relied upon and were misled by the representations of the defendant set forth in the petition.

The findings of the lower court are assailed as not being supported by the proofs. The evidence tends strongly to establish that, in order to induce plaintiffs to make the trade, Hazels represented to them that said elevator was the only one in Sabetha; that it was erected six years before and contained machinery which was new when the elevator was erected; that it was in perfect condition and good running order, worth $3,200, and could be rented readily for $55 per month; that there was a man ready

9

and willing to rent it at that sum. The assets of the Fairmont Building Association consisted of the opera house building in the city of Fairmont, which, there was evidence conducing to show, Hazels represented to plaintiffs was located on the main street, in the business center and next to the post-office; that it was in good repair, and he had recently received a dividend of $45; that the ten shares of stock owned by him were worth $800, and they could be readily sold at a discount from ten to twenty per cent. If the evidence adduced by plaintiffs is worthy of belief,—and it was given by disinterested witnesses, so far as we can discover,—nearly every one of the above representations was untrue. The elevator and machinery were old and in a dilapidated condition, the boiler leaked, the roof was full of holes, and the property could not be rented; besides, there were three other elevators in Sabetha, and the one in question, including the machinery, was not worth more than $200 above incumbrances thereon. The Fairmont opera house was not located as represented, the net annual income thereof was little over $100 a year, and the stock traded to these plaintiffs was not worth more than $100, while the farm was of the value of $2,500 above incumbrances. There is ample evidence, although conflicting, to sustain the averments of the petition as to the representations made by Hazels, and that they were untrue. Findings of a trial court, made upon conflicting evidence, will not be disturbed in the appellate court.

It is urged that plaintiffs in making the trade did not rely upon representations or statements made by Hazels. This contention is based upon the fact that Mr. Griswold, prior to the making of the contract for the exchange of properties, visited Sabetha and examined the elevator, and also caused a letter to be written to Fairmont making inquiry concerning the opera house and the stock, and received a reply, which gave no satisfactory information. It may be true that Mr. Griswold, under the facts disclosed, did not rely, or at least should not have relied,

upon the representations of Hazels. But this is not true as regards Mrs. Griswold. She did not examine the properties, or make any inquiries regarding the same, but, according to her testimony, relied exclusively upon the representations of Mr. Hazels. Whether her husband so relied or not is not of much consequence, since the farm was the homestead of plaintiffs, and it could not be conveyed without the joint consent of both husband and wife. If she was induced to sign by fraud, equity will relieve her from the effects of her signature, and in which case the entire conveyance necessarily falls. The decree is

AFFIRMED.