GEORGE E. DOVEY, AS SURVIVING PARTNER OF THE FIRM OF E. G. DOVEY & SON, v. CITY OF PLATTSMOUTH.

FILED NOVEMBER 18, 1897. No. 7507.

1. **Municipal Corporations:** NEGLIGENCE: PRESENTATION OF CLAIM FOR DAMAGES. It is solely in actions against a city of the second class having more than 5,000 inhabitants, to recover damages resulting from negligence, that the filing with the clerk of such city, the detailed statement required by the provisions of section 34, article 2, chapter 14, Compiled Statutes, is a condition precedent to a recovery.

2. ———: ———: ———. *City of Lincoln v. Grant*, 38 Neb., 369; *City of Lincoln v. Finkle*, 41 Neb., 575, and *City of Hastings v. Foxworthy*, 45 Neb., 676, distinguished.

ERROR from the district court of Cass county.    Tried below before CHAPMAN, J.    *Reversed.*

*Beeson & Root*, for plaintiff in error.

*Charles D. Grimes* and *John A. Davies, contra.*

NORVAL, J.

This proceeding was brought to obtain a review of the action of the court below in sustaining a general demurrer to the petition, and in dismissing the cause.    The suit was against the city to recover damages sustained by plaintiff by reason of the location and construction of a storm sewer in the alley upon which plaintiff's property abuts.    A single question is presented, which is whether a suit can be maintained against a city of the second class having more than 5,000 inhabitants, to which class the defendant city belongs, to recover damages to property occasioned by the construction of a public improvement, without fault or negligence of the city, unless he has first filed with the city clerk, within six months from the date of the sustaining of the injury or damages, the statement contemplated by section 34, article 2, chapter 14, of the Compiled Statutes.    The section mentioned is in the following language: "Sec. 34.    All claims against the city must be presented in writing with a full account of the items verified by the oath of the claimant or his agent that the same is correct, reasonable, and just, and no claim (or demand) shall be audited or allowed unless presented and verified as provided for in this section; *Provided,* No costs shall be recovered against such city in any action brought against it for any unliquidated claim, including claims for personal injury sustained by reason of the negligence of such city, which has not been presented to the city council to be audited; nor upon claims allowed in part, unless the recovery shall be for a greater sum than the amount allowed, with the interest thereon; *Provided, further,* That all actions against such

city for injury or damage to person or property hereafter sustained by reason of the negligence of such city must be brought within six months from the date of sustaining the same; and to maintain such action it shall be necessary that the party file in the office of the city clerk, within six months from the date of the injury or damage complained of, a statement giving full name and the time, place, nature; and circumstances of the injury or damage complained of, and the name or names of the witness or witnesses thereto."

The city attorney insists, in his brief, that the giving of the notice specified in the last proviso of the section quoted above, is a condition precedent to the maintaining of an action against the city for any unliquidated demand, and there is cited in support of this line of argument, *City of Lincoln v. Grant*, 38 Neb., 369, and *City of Hastings v. Foxworthy*, 45 Neb., 676. The first of those decisions was cited and followed in *City of Lincoln v. Finkle*, 41 Neb., 575. The two cases reported in 38th and 41st Nebraska were predicated upon that portion of section 36, article 1, chapter 13a, Compiled Statutes, which reads thus: "And to maintain an action against said city for any unliquidated claim it shall be necessary that the party file in the office of the city clerk, within three months from the time such right of action accrued, a statement giving full name and the time, place, nature, circumstances, and cause of the injury or damage complained of." It cannot escape attention that the foregoing in express terms requires the giving of notice in every action upon a claim which is unliquidated, while the section of the charter involved in the case at bar contains no such provision. Obviously, under said section 36, article 13a, the notice therein required must be given as specified to entitle any one to prosecute successfully a suit against a city governed by its provision to recover upon any unliquidated demand, whether the damages sought to be recovered were occasioned by the careful making of some public improvement, or were

caused by the negligence of the city authorities. But it is very evident that the decisions predicated upon said section 36 throw no light upon the proposition now before the court, owing to the dissimilarity of the provisions contained in said section 36, and the section 34 under consideration.

Said section 34 was construed in *City of Hastings v. Foxworthy*, 45 Neb., 676, which was an action to recover damages caused by the alleged negligence of the city. It was there said, in substance, that the filing of the statement or notice contemplated by said section was indispensable to the maintaining of a suit against the municipal corporation for any injury or damages to person or property. Said statement is too broad, although the decision upon the point was correct, when it is considered that the action in which it was announced was to recover for personal injuries resulting from the negligence of the defendant. It was not the purpose of the court to hold in that case that the said section 34 required the notice therein mentioned to be given prior to the bringing of any action for damages against a city governed by its provisions, but rather the intention was to hold that the filing of such notice with the city clerk was a condition precedent to the maintaining of an action against the city for negligence. The conclusion is reached that the precise point involved in this case has not, up to this time, been passed upon by this court.

What is the proper construction or interpretation of the last proviso of said section 34? The section first provides that all claims against the city must be submitted in writing, itemized, and verified under oath, and that no claim shall be audited unless presented and verified as required thereby. The first proviso declares, in effect, that the city shall not be liable for costs in actions brought against it upon any unliquidated claim, including claims for personal injuries sustained by reason of the negligence of such city, which has not been presented for allowance to the city council. Then follows the second, or

last, proviso which reads: *"Provided, further*, That all actions against such city for injury or damage to person or property hereafter sustained by reason of the negligence of such city must be brought within six months from the date of sustaining the same; and to maintain such action," etc. The city attorney contends, and doubtless such was the opinion entertained by the court below, that the words "such action," as used in said last proviso, refer to and embrace the different classes of actions against the city specified in the section, and not alone to the kind of actions previously mentioned in the same proviso. To give the words quoted such meaning is to ignore the grammatical construction of the section. Evidently the legislature intend by the use of "such action," to refer alone to the particular class, or kind, of actions described immediately preceding in the same proviso, namely, suits against a city for injury or damage to person or property, resulting from the negligence of the city. To maintain said kind of an action alone the filing of the statement or notice with the city clerk is made a condition precedent. This is the plain import of the language employed. Had it been the intention of the legislature to require the filing of the detailed statement in cases of unliquidated demands, whether based upon the negligence of the city or not, language plainly expressing such purpose should have been employed in the framing of the law. The damages sustained by reason of the location and proper construction of the sewer, plaintiff was entitled to recover without filing the statutory notice, but such a notice is indispensable to a recovery for any negligence of the city in making the improvement.

There are some averments in the petition from which the charge of negligence might be inferred, but if they be eliminated from the pleading or treated as surplusage, a cause of action is stated for damages to private property for public use. (*Harmon v. City of Omaha*, 17 Neb., 548.) The judgment is

REVERSED.