## Josiah E. Reed, appellee, v. Village of Syracuse, appellant.

Filed March 5, 1909. No. 15,465.

1. **Master and Servant:** Injury: Negligence: Question for Jury. Where a village, engaged in supplying water and manufacturing gas for its own use and for sale to private consumers, so installs a tank for the storage of gasoline that it leaks into the pumping pit of the waterworks and causes an explosion in which an employee of the village is injured, the question whether such explosion is attributable to negligence on the part of such village is for the jury.

2. ———: ———: Contributory Negligence: Question for Jury. Where an explosion of gasoline in the pumping pit of a village waterworks followed the lighting of a match by an employee who had no knowledge of the presence of the gasoline, but detected an odor of gas which he supposed was escaping from a fixture, and the evidence shows that such is the ordinary method to detect leaking fixtures, the question whether the employee was guilty of contributory negligence in striking the match is for the jury.

3. ———: ———: Assumption of Risk. The danger of an explosion from the presence of gasoline in the pumping pit of a waterworks station, of which an employee had no notice, is not one of the ordinary and obvious hazards of his employment which he assumes by accepting such employment.

4. ———: ———: Liability. A water commissioner appointed in pursuance of the provisions of subdivision 15, sec. 69, art. I, ch. 14, Comp. St. 1903, has, subject to the supervision of the board of trustees, general management and control of the system of waterworks, and the village owes to persons employed by him in connection with such business the duty to provide a reasonably safe place for the conduct of their employment.

5. **Appeal:** Hypothetical Question: Review. Where a hypothetical question is objected to on the ground that it is an inaccurate statement of the facts which the evidence tends to establish, such objection will not be considered on appeal unless the argument points out the particular defect in the question.

6. ———: Damages: Instructions. Where the evidence clearly shows that the injuries suffered by the plaintiff are of a serious and permanent character, and the damages awarded, it is conceded, are not excessive in amount, it is not prejudicial error for the court to instruct the jury that the plaintiff is entitled to recover damages for his impaired earning capacity.

APPEAL from the district court for Otoe county: PAUL JESSEN, JUDGE. *Affirmed.*

*D. P. West* and *John C. Watson,* for appellant.

*Pitzer & Hayward, contra.*

CALKINS, C.

The village of Syracuse had for some years operated a system of waterworks, and in 1904 began the manufacture of gas for municipal use and for sale to private consumers. The pump for supplying water was installed in a pit in the pumping station, and a large tank in which to store gasoline for the manufacture of gas was buried in the ground outside, but near the pit of the pumping station. The plaintiff was a helper employed by the village water commissioner to, among other things, fire the boiler and manage the engine and pumps while pumping water. August 24, 1904, in the execution of his said duties, he descended into the pit to start the pumps. There was a gas burner placed in this pit to light the same at night and during dark days. The plaintiff detected, as he says, a slight odor of gas, and, thinking the fixture might be leaking, lighted a match to test the same. A violent explosion followed, in which plaintiff was severely burned, suffering serious and permanent injuries to his health, strength and ability to labor. He brought this action, alleging that the explosion was caused from gasoline which had leaked from the storage tank, and, percolating through the earth, penetrated the walls of the pumping pit, as the result of the negligence of the defendant in the installation of said storage tank. There was a verdict for the plaintiff, and from a judgment thereon the defendant appeals.

1. At the close of plaintiff's case the defendant asked the court to direct a verdict on the ground that the undisputed evidence failed to show the defendant guilty of neg-

ligence.    The storage tank was constructed of 3-16 inch sheet iron or steel, and was 35 feet long and 5½ feet in diameter, and cylindrical in shape.    The evidence established that to keep such tanks from straining and consequent leakage at the seams they should be unloaded from the car by means of cradles resting on timbers cut to fit the circumference of the tank; that a foundation should be prepared, either by building piers concave in form to fit the tank, or placing concave iron or wooden saddles upon level piers of masonry; that a clearance space should be left under the pipes running from the tank to prevent the same from being wrenched by the uneven settlement thereof, and that in all cases a test of the tank and pipe work should be made after the installation thereof to detect leakage.    None of the above precautions were observed by the defendant in installing the tank in question. It was rolled off the cars upon timbers and into a hole dug in the ground without preparing any foundation for it to rest upon.    There were no precautions taken to prevent the wrenching of the connecting pipes by the unequal settlement of the tank, and a test of the work was entirely omitted.    Upon examination of the tank after the explosion, it was found to be leaking in several places, especially at the pipe connections, and the earth around the tank was more or less saturated with gasoline.    The pump pit was walled with ordinary rubble masonry, plastered on the inside with cement.    It was not of a design calculated to keep water out of the pit, and there was more or less seepage of ground water into the pit, there being seven or eight inches of water in the pit at the time of the explosion.    There being no other source indicated from which it could have entered, the conclusion is almost irresistible that the gasoline from the leaky tank had seeped through the ground and into the pit in the same manner and perhaps with the water which had come through the walls.    These facts were clearly sufficient to justify the court in submitting the question of defendant's negligence to the jury.    Villages that lawfully engage in

commercial enterprises are liable to the public the same as individuals. *Todd v. City of Crete*, 79 Neb. 671.

2. It is argued that the plaintiff's own evidence established contributory negligence on his part, and that for that reason the court should have directed a verdict for the defendant. It is claimed that the act of the plaintiff in lighting the match constituted such contributory negligence. While the act of lighting a match where the presence of any considerable quantity of inflammable gas is suspected would be carelessness of a culpable kind, it is in evidence that such is the ordinary way of detecting slight leakages from fixtures or burners. The plaintiff testified that he only discovered a slight odor of gas, which he supposed was produced by a small leak in the vicinity of the fixture. The facts therefore presented a case peculiarly suitable for submission to the jury, which is ordinarily the judge of what constitutes negligence and contributory negligence, and which should not be constrained by the court except in cases so plain that different minds might not honestly draw different conclusions.

3. It is argued by defendant that, if a servant agrees to undertake employment in a business conducted in a certain way, he thereby assumes all the obvious dangers and hazards of such business, and that therefore the plaintiff in this case assumed the risk of the injury which he suffered. It is not pointed out how the presence of gasoline, which had escaped from a leaky and improperly installed tank and percolated through the earth to the pumping pit of the waterworks, is one of the ordinary and obvious dangers and hazards of operating the pumps of said waterworks. Such danger appears to us neither ordinary nor obvious, and it was not, therefore, assumed by the plaintiff.

4. The defendant insists that the relation of master and servant did not exist, and for that reason there should have been no recovery. The charter act under which the defendant was organized provided for the appointment of a water commissioner, concerning whom it is enacted that

he shall, under the supervision of the board of trustees, have general management and control of the system of waterworks.   Comp. St. 1903, ch. 14, art. I, sec. 69, subd. 15.   Such officer was appointed, and he employed the plaintiff.   That the city paid the water commissioner a gross salary, out of which he paid the plaintiff, does not alter the case.   The status of the water commissioner was fixed by law.   He cannot, therefore, be an independent contractor, and the doctrine of such cases does not apply.

5. The defendant assigns as error the action of the court in overruling objections to certain hypothetical questions that were propounded to Mr. Munn, a civil engineer, and to Mr. Mount, a boiler manufacturer.   It is objected that these questions did not correctly assume the facts which the evidence introduced established or tended to establish. The defendant does not point out any fact included in these questions which should have been omitted, nor does it specify any fact omitted which should have been included.   It therefore fails to present any question to the court for its consideration.   We have, however, examined these questions; but have been unable ourselves to discover any defect which is open to these objections.

6. Objection was made to the seventh instruction, given by the court on its own motion, on the ground that there was no evidence to "show what caused the leakage or that there was, in fact, any leakage."   This is sufficiently disposed of by what we have already said in reference to the refusal of the court to direct a verdict.

The objection to the eighth instruction, that it assumed the existence of the relation of master and servant, is disposed of by paragraph 4 of this opinion.

The eleventh instruction told the jury that they had a right to allow the plaintiff compensation "on account of his impaired earning capacity in the future."   This is complained of as allowing the jury to come into the field of mere probability and conjecture.   The injuries suffered by the plaintiff were of a most serious nature and perma-

nent in their character. He was burned over two-thirds the entire surface of his body, and his survival violated all the probabilities of medical prognosis. There were permanent changes in the structure of some of his organs, and adhesions of the muscles of his hands and one of his arms. The functions of the skin over a large portion of his body were permanently impaired, and his nervous system greatly weakened. It was frankly admitted upon the trial that his injuries were of a nature so grave that, if he was entitled to recover in any amount, the award of the jury was not excessive, and the defendant could not for this reason have been prejudiced by the instruction complained of.

Other objections are made to other instructions, and to the refusal of the court to give various instructions requested by defendant; but they raise no questions not hereinbefore determined, and we do not deem it necessary to consider them in detail.

We therefore recommend that the judgment of the district court be affirmed.

DUFFIE, EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.