JOHN M. HENRY, APPELLANT, v. CITY OF LINCOLN, APPELLEE.

FILED MARCH 14, 1913.   No. 17,067.

1. **Municipal Corporations: PRIVATE ENTERPRISES: LIABILITY.** It is no part of the duty of a municipal corporation to engage in a purely business or commercial enterprise. When it seeks and obtains from the legislature permission to engage in such an enterprise, its act in so doing is entirely voluntary on its part, and, while engaging in such business, it is acting in a purely private business capacity, outside of its functions and duties as a municipal corporation, and is bound by all of the rules of law and procedure applicable to any other corporation or person engaged in a like enterprise.

2. ———: **ACTION FOR INJURIES: NOTICE.** Section 126, art. I, ch. 13, Comp. St. 1911, requiring the filing of a notice with the city clerk

of a municipal corporation within 30 days from the time a right of action for an unliquidated claim accrues, as a condition precedent to an action thereon, applies to claims against such a corporation arising out of the performance of its corporate duties, but has no application to a case arising out of the conduct by it of a purely private business enterprise, voluntarily entered into, which is entirely outside of its ordinary governmental functions or corporate duties.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Reversed.*

*Wilmer B. Comstock* and *J. U. Tingley,* for appellant.

*Fred C. Foster* and *D. H. McClenahan, contra.*

FAWCETT, J.

From a judgment of the district court for Lancaster county, sustaining a general demurrer to his petition and dismissing his action, plaintiff appeals.

The petition alleges that the defendant is a city of the first class, and at the times set out owned and operated a system of waterworks by and through which it furnished water to its inhabitants for a compensation; that as a part of its water system it maintained station houses, wells, pumps, and other machinery, and employed a large number of servants and employees; that a part of the machinery and pumps used were operated and propelled by electricity; that plaintiff was a servant of defendant regularly employed at and about its pumping station known as Rice station; that through the negligence of defendant in several particulars, which for the purpose of this decision it is not necessary to enumerate, and without fault on the part of plaintiff, plaintiff received a serious injury. To this petition the defendant filed and the court sustained a general demurrer based upon the fact that the petition does not allege that plaintiff, within 30 days after his injury, filed a claim with the city clerk, as required by section 126, art. I, ch. 13, Comp. St. 1911. The section referred to provides: "In order to maintain

an action for an unliquidated claim it shall be necessary, as a condition precedent, that the party file in the office of the city clerk, within 30 days from the time such right of action accrued, a statement of the amount of the claim, giving full name of the claimant, the time, place, nature, circumstance and cause of the injury or damage complained of."

The contention of defendant is that the construction placed by the trial court upon this section of the statute is settled by numerous decisions of this court. Before entering upon a consideration of those cases, let us consider the status of a municipal corporation. As generally understood, a municipal corporation occupies a dual relation to its citizens and the public. It is bound to discharge its governmental functions. In the discharge of those functions it stands as the representative of the state and has all of the governmental powers conferred upon it by statute. It is also bound to perform its corporate duties; not alone such as are expressly imposed upon it by statute, but such also as devolve upon it by reason of the governmental powers and privileges which have been conferred upon it; such as the use of reasonable diligence to keep its streets, alleys and sidewalks in reasonably safe condition for the use of the public. In the discharge of these governmental functions and performance of these corporate duties, it is subject to the control of the legislature, must assume all the burdens imposed upon it by statute, and is entitled to all the privileges, immunities and exemptions given to it by statute. The legislature, therefore, has a right to provide that, before it can be held liable for any dereliction of duty or for negligence on the part of its officers and employees, while it is acting in either of these dual capacities, a claim, in accordance with the provisions of the section of statute above quoted, shall be filed with its clerk within such reasonable time as it may fix. It is entitled to these privileges and immunities because of the fact that the functions and duties above referred to are imposed upon it by law and it must dis-

charge and perform them; but here the duties imposed upon it by law cease. It is no part of its duty, as a municipal corporation, to engage in a purely business or commercial enterprise. When it seeks and obtains from the legislature permission to engage in such an enterprise, its act in so doing is purely voluntary on its part, and it thereby assumes a third relation, separate and distinct from the dual relations above considered. While occupying this third relation no governmental functions or corporate duties, as a municipality, devolve upon it. It is then engaged in an ordinary business enterprise, and is bound by all the rules of law and procedure applicable to any other private corporation or person engaged in a like enterprise. It has no greater or higher privileges or immunities than are possessed by any other private corporation. It is subject to the same liabilities and entitled to the same defenses; no more and no less. We are not willing to indulge the presumption that the legislature intended, by the statute quoted, to grant any special privileges to a municipal corporation, while acting in such private business capacity, or relation, but rather that it intended the limitation to apply to claims against a municipality, arising out of the performance of its governmental functions or corporate duties.

In *Kelly v. City of Faribault*, 95 Minn. 293, reaffirmed in *Gaughan v. City of St. Paul*, 119 Minn. —, 137 N. W. 199, and in *Quackenbush v. Village of Slayton*, 139 N. W. (Minn.) 716, in considering a statute of that state requiring 30 days' notice to be given to a municipality of claims for injuries received from defects in its streets, sidewalks, or its public works before action therefor, it is said: "We think it very clear, from the history of the law requiring notice to municipalities of injuries thereon, and its subsequent development, that it never was intended to apply to the relations between master and servants when the latter are injured by reason of failure of the former to provide a reasonably safe place for the servant to work, or as to any absolute duties which are enjoined

by law upon the employer. The object of the notice, when required, is well understood to be to give the municipality an opportunity to investigate, and to protect against fictitious claims. The reason for the rule hardly applies in a case where its own servants are injured in such work by the negligence of the master, but specifically to cases where the public are interested in using within their rights the property of the city. With reference to such injuries, when they occur, the municipality would seldom have notice or opportunity to obtain the requisite information of the cause thereof, or the evidence of the city's negligence, to enable it to defend, after long delay. This would not apply to an injury of the kind happening in this case, for it must be presumed that, with reference to its own servants, and the violation of its duties to them, it has and ought to have the same notice as other persons occupying the relation of employer over the persons who are in direct relation with it. While a very strict and technical construction of the statute might bring the case within its letter, we are very clear it was not within its spirit, and, if it is desired that it should be, the relief must be obtained from the legislature." The above language from the supreme court of Minnesota applies with great aptness to the case at bar, and in harmony with the holding of that eminent court in the case before it we hold, in the case at bar, that the statute as to notice was not intended to apply to a case arising out of the conduct by a municipality of a purely private business enterprise, voluntarily entered into, which is entirely outside of its ordinary governmental functions or corporate duties.

In *Burke v. City of South Omaha*, 79 Neb. 793, we said: "When the state imposes upon an incorporated city the absolute duty of performing some act which the state may lawfully perform, and pertaining to the administration of government, the city, in the performance of that duty, may be clothed with the immunities belonging to the mere agent of the state; but, when the city is merely authorized by way of special privilege to perform such an act in part

for its corporate benefit and the benefit of its inhabitants, the city is not clothed with these immunities, and is liable to be sued for injuries inflicted through its negligence in the performance of such an act." In *Reed v. Village of Syracuse*, 83 Neb. 713, we said: "Villages that lawfully engage in commercial enterprises are liable to the public the same as individuals."

In *Esberg Cigar Co. v. City of Portland*, 75 Am. St. Rep. 651 (34 Or. 282), it is held: "When a city voluntarily undertakes to construct and maintain waterworks, in pursuance of statutory authority, for its own private emolument and advantage, the works belong to it in its private, rather than in its public or governmental, capacity, though the public may derive a common benefit therefrom, and the city is, therefore, answerable to persons injured by negligence in the construction or maintenance of such works." In the opinion it is said: "But when a special power or privilege is conferred upon or granted to a municipal corporation, to be exercised for its own advantage or emolument, and not as a mere governmental agency, it is liable to the same extent as an individual or a private corporation for negligence in managing or dealing with the property rights or franchises held by it under such grant." In *City of New Orleans v. Kerr*, 69 Am. St. Rep. 442 (50 La. Ann. 413) it is held: "A municipal corporation, with respect to the private character of its powers and obligations, represents the pecuniary and proprietary interests of individuals, and the rules which govern the responsibility of individuals are properly applicable."

In *State Journal Printing Co. v. City of Madison*, 148 Wis. 396, it is said: "In furnishing water to private consumers the city is acting in a private business capacity, and not in its governmental capacity, and it is bound to exercise ordinary care, namely, that reasonable degree of care in view of the dangers involved which the great mass of ordinarily prudent persons engaged in the same or similar business would and do exercise under like circum-

stances. For any failure to exercise this degree of care, proximately causing injury to another, the city is liable to the same extent that a private person or a corporation operating a waterworks system is liable; no more and no less." In *Relyea v. Tomahawk Paper & Pulp Co.*, 102 Wis. 301, it is said: "The difference between a statute requiring notice to be served, as for example section 1339, R. S. 1878, as a condition of a right to damages for an injury through failure of duty on the part of a municipality to keep its highways in a proper state of repair, and a statute requiring such a notice to be served as a condition of recovery for injuries to an employee through actionable negligence of his employer, is that the former is a condition of the right to damages and the remedy to recover the same as well, while the latter is a condition acting on the remedy alone, the right not being dependent on the statute at all. Such difference is well defined in the books and universally recognized. In *Smith v. Cleveland*, 17 Wis. *556, it is said, in effect, that the difference between laws that the legislature may change at will and those which the constitution protects from interference to the prejudice of vested rights is that under the former the right is dependent on the law, and under the latter the right itself is independent of the law. The subject was recently discussed in *Schaefer v. City of Fond du Lac*, 99 Wis. 333, and *Daniels v. City of Racine*, 98 Wis. 649, where it is said that a right given by statute may be changed by adding new conditions, or wholly taken away by statute. There, as in most cases of the kind, the right of action was spoken of as synonymous with the right itself, and properly so. If the distinction be not kept in mind between statutory and common law rights, where the court speaks regarding a condition of the former as precedent to a right of action therefor, it will be taken as meaning that the condition is in the nature of a limitation acting on the remedy alone." The right of a servant to recover damages for an injury resulting from the negligence of his master is not dependent upon the statute.

It is a common law right. A right by statute to compensation for injuries can be granted upon condition. That right may be changed or taken away entirely in the dis-cretion of the legislature. Such rights are not the subject of constitutional protection, but depend solely upon the legislative will; but a common law right is independent of statute and *is* the subject of constitutional protection. *Relyea v. Tomahawk Paper & Pulp Co., supra.*

In the light of the above authorities, we conclude that in the installation and management of its waterworks system defendant must be treated as a private corporation engaged in a purely business enterprise, as separate and distinct from the performance of its governmental functions and corporate duties as if it were not a municipal corporation at all, and that its liability to plaintiff must be determined solely under the law and procedure applicable to a private corporation and its employee. So construing the duties and relations of the parties, we hold that defendant is answerable to plaintiff for any negligence on the part of the former which resulted, without fault of the latter, in an injury to his damage, and that plaintiff has a right to prosecute his action for such damage, if any there be, within the same time and in the same manner as any other employee similarly injured would have a right to prosecute an action for damages under like conditions.

In none of the cases cited by defendant was the municipal corporation acting in a private capacity in a purely business enterprise. In *City of Lincoln v. Grant,* 38 Neb. 369, the action was for damages caused by a change of grade. In *Nothdurft v. City of Lincoln,* 75 Neb. 76, the action was for damages by reason of a defective sidewalk. In *Dayton v. City of Lincoln,* 39 Neb. 74, it was a change of grade. In *Dovey v. City of Plattsmouth,* 52 Neb. 642, it was the location and construction of a storm sewer. *Foxworthy v. City of Hastings,* 25 Neb. 133 (erroneously cited in the brief as 46 Neb. 700) was a sidewalk case. In *Reeder v. City of Omaha,* 73 Neb. 845, the question was

the grading of a street in such a manner as to form a pond in which the infant son of Reeder was drowned. In *Reining v. City of Buffalo,* 102 N. Y. 308, it was the erection of an embankment by the city—a case of street improvement. In *Collins v. City of Spokane,* 64 Wash. 153, 116 Pac. 663, it was negligence in maintaining a foot-bridge on the public street. In *Walters v. City of Ottawa,* 240 Ill. 259, it was a defective sidewalk. In *Nichols v. City of Minneapolis,* 30 Minn. 545, it was an injury to plaintiff's horse by a defect in the street. In *Postel v. City of Seattle,* 41 Wash. 432, it was a change of grade. In *Condon v. City of Chicago,* 249 Ill. 596, it was the falling of the bank of a ditch—a street improvement case. The discussion in that case sustains defendant's contention, but, in so far as it does so, the discussion is dictum, and a reading of the case shows a want of due consideration of the precise question here involved. It will be seen that the cases from other states above cited by defendant, like the decisions from this court above cited, all relate to the performance by a municipal corporation of its corporate duties. In the decision of this case we do not depart from the rule announced in our former decisions above cited. On the contrary, we adhere to them, and in any case that might now come before us, involving the corporate duties of a municipal corporation, we would adhere to the rule announced in those cases; but they are clearly distinguishable from the case at bar.

After a very careful consideration of the cases cited by the parties to this action, and after an exhaustive independent examination of the authorities, we have reached the conclusion above announced.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.

HAMER, J., concurring.

The plaintiff and appellant sued the city of Lincoln to

recover damages alleged to result from the loss of part of his hand. He was employed as a servant of the defendant, and was assisting in the operation of one of its pumping stations. The pumps used were operated by electricity, and the hand was injured, as claimed in the petition, by coming in contact with an electric switch. The trial court sustained a general demurrer to the petition and dismissed the action.

A decision of the case necessitates a construction of section 126, art. I, ch. 13, Comp. St. 1911. The section provides, among other things, that all claims against the city must be presented in writing, verified by the claimant or his agent, stating that the same is correct, reasonable, ·just, and unpaid; that no claims shall be allowed unless presented, verified, and read in open council; that "in order to maintain an action for an unliquidated claim it shall be necessary, as a condition precedent, that the party file in the office of the city clerk, within 30 days from the time such right of action accrued, a statement of the amount of the claim, giving full name of the claimant, the time, place, nature, circumstance and cause of the injury or damage complained of." The demurrer seems to have been sustained because of the absence of an allegation in the petition that plaintiff had filed the claim with the city clerk within 30 days of the date of his injury. The petition alleges that the defendant is a city of the first class existing under article I, ch. 13, Comp. St. 1907; that the defendant owned and operated a system of waterworks in the city of Lincoln, through which it furnished water to the inhabitants of said city *for compensation;* that as a part of said water system it maintained station houses, wells, pumps, engines, and other machinery, and employed many servants; that part of the machinery and pumps was operated by electricity conveyed through and controlled by wires, switches, and other electrical appliances; that on and prior to the 3d day of September, 1908, the plaintiff was a servant of the defendant, employed by it at its pumping station in which plaintiff was required to use

and operate a switch to control the passage of the current of electricity that operated the pumps at said station, and that there passed through the wires controlled by said switch, and through said switch, a voltage of electricity of 4,400 volts; that because of so great a voltage it was necessary for the safety of the person operating the switch that the handle of the switch should be constructed of rubber or some material not a conductor of electricity; that the plaintiff was told by the defendant that the handle was of rubber; that said handle had the outward appearance of being constructed of that material; that the defendant negligently furnished the said switch and required the plaintiff to use and operate the same with a wooden handle, which was extremely dangerous, and that these facts were known to defendant, but not to the plaintiff; that the defendant neglected to provide a covering or shield for said switch and for said wires and appliances; that solely because of the negligence of the defendant city while the plaintiff was in its employ as aforesaid and on or about the 3d day of September, 1908, and while the said plaintiff was acting under the direct and immediate supervision and command of said city exercised through its servants, the exact details of which acts of negligence are fully set out in the plaintiff's petition, and without any fault whatever upon the part of the said plaintiff, a high voltage of electricity passed through the said switch and came in contact with plaintiff's hand through said wooden handle of said switch, and so burned the plaintiff's hand as to necessitate the amputation of the thumb and fore finger, and caused plaintiff to receive a terrific shock, whereby he became sick and was confined to the hospital for the period of 40 days, and expended $100 for medical and surgical attendance, and thereby injured his nervous system, and caused him to be permanently afflicted with palpitation of the heart, and maimed and crippled him for life, to plaintiff's damage in the sum of $10,000; that plaintiff at the time of the injury, and for more than 30 days thereafter, was an infant; that on the 19th day of

September, 1908, the plaintiff went to the office of the city
attorney of the city of Lincoln, and asked him when it
would be necessary to file a claim in order to recover
damages, and was then informed that it was unnecessary
to file such claim within any certain time; that the plain-
tiff relied upon the advice of the city attorney and filed
his claim December 29, 1908; that said claim was received
and considered without objection as to the time when the
same was filed, and was referred to the city attorney and
the unliquidated claims committee; that they acted on
the merits of said claim without objecting to the time
when the same was filed, and that said committee reported
that said claim should be allowed; that September 5, 1908,
two days after the injury, the water commissioner of the
city had notice of the time, place, and cause of the injury.
It is apparent that the city officials did not consider that
the failure to file the claim within 30 days from the time
of the injury would release the city. That is evidenced
by the fact that the city attorney informed the plaintiff
that it was unnecessary to file the claim within any cer-
tain time; and it could have been no part of the plan of
the city to deceive the plaintiff until after the 30 days had
expired; and it is seemingly apparent that the council for
the city did not regard the statute as applicable to cases
of this kind, for the reason that the claim was received
and was considered without objection as to the time when
it was filed, and the city attorney and the claims commit-
tee acted on the merits of the claim without objecting to
the time when it was filed, and the committee reported
that the claim be allowed.

The plaintiff, after the demurrer was sustained, elected
to stand upon the petition, and a judgment was rendered
dismissing plaintiff's action at plaintiff's costs. The legis-
lature did not intend to have this provision apply to such
cases as that which we are now considering. When a city
goes into the same business as a private citizen or a
private corporation, it ought to be liable for its acts of
negligence just as they are liable. When the city engages

in furnishing water or gas or electricity for the use of the people, it is well to remember that it does not do so under the exercise of any political power. If a municipality by reason of its negligence causes injury to one of its employees for which it should be held liable because of such negligence, then it ought not to be necessary for the plaintiff, in order to maintain his action, to file in the office of the city clerk, within 30 days from the time of the injury, a statement of the amount of his claim for damages, and the time, place, nature, circumstances, and cause of the injury complained of. To impose such a burden upon the injured person is to discriminate against labor and refuse it an equal opportunity in the courts with other legitimate articles of barter, bargain and sale, whether of merchandise or professional or mechanical services, and therefore it could not have been within the legislative intent to deny labor the opportunity, where its owner is injured, to recover for the injury done. Where there is a failure to file such notice in the office of the city clerk within the time alleged, it should constitute no bar to the plaintiff's right to maintain an action against the city for the full amount of his damages. The people who labor may not always be advised of their rights, and they ought not to be caught with traps, pitfalls, or deceit of any kind. Oftentimes a serious injury would prevent the injured person from making an investigation. Laborers are seldom familiar with the ways of business. There ought to be no barriers or obstacles interposed which would prevent the laborer from getting the damage to which he is legitimately entitled because of injuries sustained by reason of the negligence of the city while the injured servant is in its employ. The city is and ought to be liable for its negligence, to the same extent as a private person or a corporation, whenever it engages in private business for compensation.

In 28 Cyc. 1256, it is said: "A municipality, being not only a public agency, but also a *quasi*-private individual, is therefore subject to the law; for its wrong to the public

it may be prosecuted, and for its torts against individuals it may be sued in a civil action for damages like a private corporation." It is further said on p. 1257: "The one ·class of its powers is of a public and general character, to be exercised in virtue of certain attributes of sovereignty delegated to it for the welfare and protection of its inhabitants or the general public; the other relates only to special or private corporate purposes, for the accomplishment of which it acts, not through its public officers as such, but *through agents or servants employed by it."* In the former case its functions are political and governmental, and no liability attaches to it at common law, either for nonuser or misuser of the power, or for the acts or omissions on the part of its officers or the agents through whom such governmental functions are performed, or the servants employed by such agencies. In its second character above mentioned, that is, in the exercise of its purely municipal functions, or the doing of those things which relate to special or private corporation purposes, the corporation stands upon the same footing with a private corporation, and will be held to the same responsibility with a private corporation for injuries resulting from its negligence, and will be liable for the doings of its officers, agents, or employees acting within the scope of such municipal power, or of the servants employed by such officers.

In *City of New Orleans v. Kerr,* 69 Am. St. Rep. 442 (50 La. Ann. 413) it is said: "A municipal corporation, with respect to the private character of its powers and obligations, represents the pecuniary and proprietary interests of individuals, and the rules which govern the responsibility of individuals are properly applicable." In *Esberg Cigar Co. v. City of Portland,* 75 Am. St. Rep. 651 (34 Or. 282) it is said: "When a city voluntarily undertakes to construct and maintain waterworks, in pursuance of statutory authority, for its own private emolument and advantage, the works belong to it in its private, rather than its public or governmental, capacity, though the public may

derive a common benefit therefrom, and the city is, there-
fore, answerable to persons injured by negligence in the
construction or maintenance of such works." In *Bowden
v. Kansas City*, 105 Am. St. Rep. 187 (69 Kan. 587) it is
said: "A municipal corporation is liable for negligence
in the care and control of public property in the discharge
of a ministerial duty, irrespective of whether or not an
income is derived from it." In the same case it is said:
"A municipal corporation is liable to a fireman for injuries
sustained through its negligence in not furnishing him a
reasonably safe place to work in one of its fire stations."

In *Burke v. City of South Omaha*, 79 Neb. 793, it is said
in the syllabus: "The making, improving and repairing of
streets by a municipal corporation relate to its corporate
interest only, and it is liable for the wrongful or negligent
acts of its agents in performing such duties." The judg-
ment of the district court in favor of the plaintiff was
affirmed by this court. In *Reed v. Village of Syracuse*, 83
Neb. 713, it was held: "Where a village, engaged in sup-
plying water and manufacturing gas for its own use and
for sale to private consumers, so installs a tank for the
storage of gasoline that it leaks into the pumping pit of
the waterworks and causes an explosion in which an em-
ployee of the village is injured, the question whether such
explosion is attributable to negligence on the part of such
village is for the jury."

In *Hollman v. City of Platteville*, 101 Wis. 94, it is said
in the body of the opinion: "When the act done is within
its chartered powers and relates to the administration of
local or internal affairs, as distinguished from its legisla-
tive, discretionary, or *quasi*-judicial duties, the rule of
*respondeat superior* applies, and the city will become
liable for the act of its servants and agents, which it has
authorized or adopted." In *City of Toledo v. Cone*, 41
Ohio St. 149, the city was held liable to an employee for
injuries resulting from the negligence of the superintend-
ent of the cemetery. In *Donahoe v. Kansas City*, 136 Mo.
657, it was held: "The construction of sewers in a city

is a corporate and ministerial function as distinguished from a governmental one and a city is responsible for injuries arising from its negligence in the performance of the work." In 20 Am. '& Eng. Ency. Law (2d ed.) 1197, it is said: "It is held, as a rule, that a city in supplying water or light to its inhabitants acts as a private corporation, and is subject to the same duties and liabilities." In *State Journal Printing Co. v. City of Madison,* 134 N. W. 909 (148 Wis. 396) it is said in the syllabus: "A city furnishing water to private consumers acts in a *business* capacity, and it must exercise the care that ordinarily prudent persons engaged in similar business would exercise under like circumstances." In 28 Cyc. 1258, it is said: "In the exercise of its purely municipal functions, or the doing of those things which relate to special or private corporate purposes, the corporation stands upon the same footing with a private corporation, and will be held to the same responsiblity with a private corporation for injuries resulting from its negligence." In *Relyea v. Tomahawk Paper & Pulp Co.,* 72 Am. St. Rep. 878 (102 Wis. 301) the court held, as stated in the syllabus: "Laws changing the time for, or conditions of, the enforcement of common law rights are in the nature of statutes of limitations, which, if of such a character as to materially affect the right itself, are within the inhibition of the constitution in regard to the passage of laws impairing the obligations of contracts or taking property without due process of law." In *Smith v. Cleveland,* 17 Wis. *556, it is said, in effect, that the difference between laws that the legislature may change at will and those which the constitution protects from interference and the prejudice of vested rights is that, under the former, the right is dependent on the law, and, under the latter, the right itself is independent of the law. In *Kelly v. City of Faribault,* 95 Minn. 293, it is said in the syllabus: "Chapter 248, p. 459, laws 1897, requiring 30 days' notice to be given to a municipality of claims for injuries received from defects in its streets, sidewalks, or its public works, before action therefor, does *not apply* to a

case where an employee or servant asks for redress for injuries from the negligence of a city in failing to provide a reasonably safe place for its servants to work, or other absolute duties of the master." In *Bradley v. City of Eau Claire,* 56 Wis. 168, it is held: "The words 'claim or demand' in a city charter which provides that 'no action shall be maintained by any person against the city * * * upon any *claim or demand,* until such person shall first have presented his claim or demand to the common council for allowance,' etc., apply to claims or demands arising *upon contract* only, and not to a claim or demand arising out of a tort"—citing *Kelley v. City of Madison,* 43 Wis. 638. See, also, *Sutton v. Snohomish,* 11 Wash. 24, 48 Am. St. Rep. 847; *Jung v. City of Stevens Point,* 74 Wis. 547; *Lay v. City of Adrian,* 75 Mich. 438. In *Nance v. Falls City,* 16 Neb. 85, it is said: "The word 'claims' in section 80 of the chapter relating to cities of the second class applies alone to those arising upon contract, and not upon tort, as for the death of a person through the negligence of the city." It is the opinion of the court that the city was acting in its *private business capacity,* and that while it acted in that capacity it was bound to exercise a reasonable degree of care, in view of the charges involved, and that for any failure to exercise this degree of care it is liable for an injury to another, as a private person or corporation might be. In *Shields v. Town of Durham,* 118 N. Car. 450, it was held: "Section 757 of the code, requiring that claims against municipal corporations shall be presented to the proper authorities and demand for payment as prerequisites to an action to enforce such claims, applies only to demands arising *ex contractu,* and not to those arising *ex delicto.*" *Giuricevic v. City of Tacoma,* 57 Wash. 329, sustains the plaintiff's case. In that case an electric light pole standing in the street fell and injured the plaintiff because the city caused the earth about the pole to be excavated.

The following are sidewalk cases, and do not apply to this case, because of the fact that in sidewalk cases there

is no liability for damages, *unless expressly given by statute: Davidson v. City of Muskegon*, 111 Mich. 454; *Springer v. City of Detroit*, 102 Mich. 300; *Kenyon v. City of Cedar Rapids*, 124 Ia. 195; *Hay v. City of Baraboo*, 127 Wis. 1; *Van Frachen v. City of Fort Howard*, 88 Wis. 570; *Jones v. City of Albany*, 151 N. Y. 223; *Borough of Youngsville v. Siggins*, 110 Pa. St. 291. We do not intend to overrule our prior decisions, and adhere to them as they have been heretofore announced.

LETTON, J., dissenting.

I have no quarrel with the opinions with regard to the liability of a municipal corporation to its employees for its negligence while engaged in *quasi*-private enterprises where no limitation is imposed by statute, but this is not the question before us. The real question involved is whether the legislature has power, in creating a municipal corporation, to impose conditions upon the right to maintain actions against the same.

The provisions of the statute under consideration in this case apply to *all claims*, liquidated and unliquidated, whether based upon contract or *based upon the torts* of the municipality. There are two lines of authorities upon this question, but the matter has already been considered by this court and a definite principle established. The cases which have arisen have not been based upon negligence of the corporate authorities in the operation of waterworks, electric light plants, or other public service activities, but the fundamental question of the power of the legislature to impose conditions upon the granting of the right to sue municipal corporations for any cause has been involved and determined. This court has held that a failure to comply with the conditions prescribed by the statute is a valid and sufficient defense against a cause of action *the right to which is guaranteed by the constitution of the state*. It was said in *City of Lincoln v. Grant*, 38 Neb. 369: "Our conclusion is that the filing of the statement contemplated by the charter of the city is in the

nature of a condition precedent to the right to prosecute an action for damages, and is a material allegation in order to state a cause of action." It was further said: "In our opinion the provision under consideration is a reasonable exercise of the legislative power, and consistent with the soundest public policy." See, also, *Dayton v. City of Lincoln*, 39 Neb. 74; *City of Lincoln v. Finkle*, 41 Neb. 575. These are all cases in which the right to recover damages from the city was preserved by the constitution to the plaintiffs, since their property was taken or damaged for public use. A constitutional right of action is certainly as sacred as a common law right of action. If the legislature can impose terms upon the exercise of one, it seems to me an inevitable logical conclusion that it can impose terms upon the exercise of the other. Mr. Dillon considers this subject at length in 4 Municipal Corporations (5th ed.) sec. 1613, and cites many cases upholding the power. The doctrine is also clearly and forcibly stated in the recent case of *Condon v. City of Chicago*, 249 Ill. 596, in line with the holdings of this court. The force of that opinion is not disclosed in the majority opinions. The fact is that the action was by an employee of the city who was alleged to have been injured by its negligence as a master in not providing a safe place to work. There is nothing in the opinion to indicate that the injury was received in a street. In that case, as in this, it was argued that there is a distinction between the liability of a municipal corporation with regard to its streets, and its liability with respect to injuries to its employees, and that as to the latter it stands' upon the same footing as a private corporation. The court said, speaking of municipal corporations: "The liability of such corporations upon their contracts and for their torts is the same as that of private corporations or individuals, and notice is no more necessary as a condition precedent to an action against a municipality than against an individual, unless required by a statute. The power of the legislature, however, *to require notice has been generally*

*recognized,* and in many of the states a previous notice or presentation of the claim is essential to the maintenance of an action against a municipal corporation, either in all cases or in certain kinds of cases.  In some jurisdictions the statute requires notice in actions *ex contractu* only; in some it applies to all claims, whether in tort or contract; in others it is limited to injuries arising from defective streets; in others it includes personal injuries of all kinds; and in still others all actions of tort." It is pointed out that the cases of *Kelly v. City of Faribault,* 95 Minn. 293, and *Giuricevic v. City of Tacoma,* 57 Wash. 329, cited in the majority opinions, were brought under statutes referring specifically to injury from defects in streets, while the Illinois statute like the Nebraska one applies to "all claims." There is no distinction made in the statute as to the nature of the claim.  It says "all claims," and includes "torts" by name.  The court has heretofore refused to ingraft any distinctions or modifications on the statute, and it should adhere to this position.  While the humanitarian doctrine of the majority opinion may commend itself to our sympathies, the legislature, in my opinion, had the power to impose the conditions, and this court should neither minimize them by attempted construction of a plain statute, nor depart from its former holdings.  If the law is to be changed, let it be done by the legislature.