ELVA J. MUFFLEY, APPELLANT, V. VILLAGE OF ST. EDWARD, APPELLEE.

FILED JUNE 27, 1923. No. 22443.

Municipal Corporations: DAMAGES: NOTICE. The words, "arising from defective streets," in section 4384, Comp. St. 1922, have reference only to claims for damages to the person or property of travelers upon the street using the same in the ordinary way, and have no reference to a claim for damages to abutting property based upon negligence or tort of the city giving rise to a cause of action at common law; as to which claim no notice need be served before suit.

APPEAL from the district court for Boone county: A. M. POST, JUDGE. *Reversed.*

*Albert & Wagner* and *Williams & Williams,* for appellant.

*R. D. Flory,* contra.

Heard before MORRISSEY, C. J., DAY and ALDRICH, JJ., COLBY and REDICK, District Judges.

REDICK, District Judge.

Action to recover damages for the flooding of plaintiff's premises caused by the insufficiency of ditches constructed by the village along the street to carry off the surface water collected therein from surrounding territory, and the failure of the village to remove the accumulated dirt and rubbish in such ditches causing the same to be choked up and to overflow upon plaintiff's premises. A demurrer to the petition was sustained by the lower court for the sole reason that it was not therein alleged that plaintiff had given the notice required by section 4384, Comp. St. 1922 (Laws 1915, p. 237), which provides:

"No city of the second class or village in the state of Nebraska shall be liable for damages arising from defective streets, alleys, sidewalks, public parks or other public places within such city or village, unless actual notice in writing of the accident or injury complained of with a statement of the nature and extent thereof, so far as the extent of the injury is known at the time, and

of the time when and the place where the same occurred, shall be proved to have been given to the mayor or chairman of the city, or board of trustees or to the city or village clerk within 30 days after the occurrence of such accident or injury."

The only question for decision is whether or not the giving of the notice referred to in the statute is a condition precedent to the maintenance of the action, and we are therefore called upon to discover the intention of the legislature, which is made manifest by a consideration of the language used, in connection with the purpose sought to be accomplished, the subject of the act, the evil to be corrected and the remedy to be applied.

To facilitate the inquiry we reconstruct the section:

"No city shall be liable for damages arising from defective streets, unless actual notice in writing of the accident or injury complained of shall have been given to the city within 30 days after the occurrence of such accident or injury."

It will be perceived at once that notice is not required of *all* claims for damages, but only for such as arise from *defective streets;* so we must find that the damages claimed by plaintiff come within that class or the act is not applicable. It is first suggested that the ditch is not a part of the street. We do not deem it necessary to discuss this question, but assume that the ditch is a part of the street, though circumstances might arise in a particular case requirng a different holding, as where the traveled roadway is separated from the ditch by curbs or barriers.

What, then, is meant by a "defective street?" It is difficult, if not impossible, to use this adjective without associating with it the purpose for which the object it qualifies is intended. When we speak of a defective sewing machine, a defective water pipe, a defective rail, or anything else, the mind is at once directed to the use ordinarily made of the article, and thus an understanding and comprehension of the defect is established. When

we speak of a "defective street," mental pictures instantly
are presented of what might happen to the traveler as a
result of the defect, the number and variety of them
limited only by the power of the imagination; but in
every such case it is the traveler who is considered be-
cause streets are built and kept in repair for travelers.
True, roads are crowned and ditches or gutters are pro-
vided to take care of the surface water, but the primary
purpose is to provide a way suitable for the traveler.
Catch-basins are frequently placed at corners. If one of
them should be broken or clogged up, it would be a de-
fective catch-basin, not a defective street, because it has
no relation to the use of the street. If the water washed
out a part of the street and a traveler was thereby in-
jured, the hole (defect) in the street would be the proxi-
mate cause, not the clogged catch-basin. If a pile of
road material were left by the city in the street in such
a position as to turn the surface water in a stream upon
abutting property, and a traveler was injured by coming
in contact therewith, doubtless his cause of action would
be properly said to arise out of a defective street; but
the damage to the abutting property would arise out of
the improper use of his property by an adjoining pro-
prietor, precisely the same as if he were a private person,
and without the remotest relation to the fact that such
premises constituted a highway, except for the purpose
of identifying the culprit; the liability to the traveler
is based upon a breach of the duty to keep the highway
reasonably safe for travel, a duty owed only to travel-
ers as such, while that to the abutter is founded upon
the maxim, *"sic utere tuo ut alienum non lœdas."*

At common law a municipal corporation was not liable
for failure to keep its streets in repair, but such liability
was affirmed in this state as early as 1892 (*City of
Omaha v. Jensen,* 35 Neb. 68; *City of Beatrice v. Reid,*
41 Neb. 214), and the statute under consideration, by
reason of its position, in the charter of municipal cor-
porations, and its specific reference to claims arising out

of defective streets, would seem to have special and restrictive application to this newly declared liability peculiar to municipalities as such, rather than to obligations resting alike upon all persons and corporations.

We are of the opinion that the words, "defective streets," were used with reference to such conditions only as interfered with their use as such, and this conclusion is supported by the following cases: *Pye v. Mankato*, 38 Minn. 536; *Winchell v. Town of Camillus*, 109 App. Div. (N. Y.) 341; *Barber v. Town of New Scotland*, 88 Hun (N. Y.) 522 (all flooding cases); *Whitney v. Ticonderoga*, 127 N. Y. 40; *Hewison v. City of New Haven*, 34 Conn. 136; *Bliven v. City of Sioux City*, 85 Ia. 346; *Fugere v. Cook*, 27 R. I. 134. The only case coming to our notice militating against our construction is *Schleicher v. City of Mt. Vernon*, 107 App. Div. (N. Y.) 584, but it is clearly distinguishable because of the variant language of the statute. The case of *Willett v. City of Seattle*, 96 Wash. 632, cited by defendant, is not applicable because the statute reads, "All claims for damages against the city," and contains no reference to particular causes of damage. The cases of *Chaney v. Village of Riverton*, 104 Neb. 189, and *Nichols v. City of Minneapolis*, 30 Minn. 545, involved claims for injury to travelers or their property while using the highway. *Dovey v. City of Plattsmouth*, 52 Neb. 642, had under consideration a different statute specifying that notice must be given of all claims for negligence of the city, and not applicable to defendant.

The petition states a cause of action at common law and the district court erred in sustaining the demurrer.

REVERSED AND REMANDED.