CASE 29—ACTION BY S. A. YOUNG AGAINST THE CITY OF HENDERSON TO ENJOIN THE CITY FROM FURNISHING TO PERSONS OUTSIDE THE CITY AN ELECTRIC LIGHT CURRENT FROM THE CITY ELECTRIC LIGHT PLANT.—DEC. 7.

# City of Henderson v. Young.

APPEAL FROM HENDERSON CIRCUIT COURT—J. L. DORSEY, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

MUNICIPAL CORPORATIONS—POWERS—CONSTRUCTION—ELECTRIC LIGHT PLANTS.

1. A statute conferring sovereign and governmental powers upon a city must be strictly construed, but powers given a city for the private advantage of it and its inhabitants are to be construed in accordance with the general rules that apply to private individuals or corporations.

2. In the management and operation of an electric plant a city is not exercising governmental or legislative powers, but mere business powers, and it may conduct such plant in the manner which, in the judgment of the city council, promises the greatest benefit to the city and its inhabitants, and courts will not interfere with the reasonable discretion of the council in such matters.

3. Kentucky Statutes 1903, section 3290, subsection 5, authorizing cities of the third class to provide "the city and the inhabitants thereof" with light, etc., does not prohibit the city from extending its electric light service to points without the city limits, where it can do so with very little additional expense, and in such a way as to result in advantage to the city and its inhabitants.

City of Henderson v. Young.

JOHN FRANCIS LOCKETT, ATTORNEY FOR APPELLANT.

Our contention is that the city's waterworks, gas works and electric light plant are held by the city as a trust in a business capacity, and not in its governmental capacity, and may dispose of it at its discretion for the benefit of the city, so that its usefulness to the city is not impaired.

## AUTHORITIES CITED BY APPELLANT.

1. Dual powers of municipal government. Dillon (4th Ed.), Munic. Corp. secs. 66, 27; City of Louisville v. Com., 1 Duval, 295; Roberts, &c. v. City of Louisville, 13 Law Rep., 406; Illinois Trust & Savings Bank v. City of Arkansas City, 76 Fed., 271, 282; 34 L. R. A., 518, 525.

2. Construction of charters where right is either conferred expressly or implied to municipalities to lease or sell the surplus power or product of their utilities to customers, whether resident or nonresident. Pike's Peak Power Co. v. City of Colorado Springs, 105 Fed. Rep., 105; Munic. Corp. Annotated Vot., 5, 174, 191; City of Cincinnati v. Cameron, 33 Ohio St., 336, 367; Union Pacific Ry. Co. v. Chicago, R. I. & P. Ry. Co., 51 Fed., 309, 321; 163 U S., 564; 16 Sup. Ct., 1173; City of St. Louis v. Maggie P., Fed., 202; State v. City of Eau Claire, 40 Wis., 533; Green Bay & M. Canal Co. v. Kaukauna Power Co., 70 Wis., 635; 35 N. W., 529; 36 N. W., 828; Bell v. City of Plattsville, 71 Wis., 139; 36 N. W., 831; French v. Inhabitants of Quincy, 3 Allen, 9; Worden v. City of New Bedford, 131 Mass., 23; Camden v. Camden Village Corp., 77 Maine, 530, 537; 1 Atl., 689; Brown v. Winnisimmet Co., 11 Allen, 326, 334; Midland Ry. Co. v. Great Western Ry. Co., 8 Ch. App., 841, 851; Simpson v. Hotel Co., 8 H. L. Cas., 712; Hendee v. Pinkerton, 96 Mass., 381, 386.

3. Comparison of Colorado and Kentucky statutes. Colorado— 3 Mills' Ann. St., 1144; 2 Mills' Ann. St., sec. 4492; 2 Mills' Ann. St., sec. 4492, par. 68. Kentucky—Ky. Stat., sec. 3290, subsec. 5; Ky. Stat., sec. 3256; Ky. Stat., sec. 3237.

4. Construction of expression "to fix and regulate the prices to private consumers and customers." "And," Webster's Unab. Dict. (Edition 1904); Century Dict. and Cyc. (Edition 1889).

CLAY & CLAY, ATTORNEYS FOR APPELLEE.

## QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. A city of the third class has no authority, expressed or implied, to extend its electric circuit beyond the city limits or to

supply nonresidents of the city with electric current for heating, lighting, or for any other purpose. Ky. Stat., sec. 3290, subsec. 5; 1 Dillon on Munic. Corp., vol. 1, sec. 89; Henderson v. City of Covington, 14 Bush, 312; Patton, &c. v. Stephens, &c., 14 Bush, 327.

2. A legislative provision granting power to the common council of a municipal corporation to do a thing by ordinance does not authorize the doing of the thing by resolution.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

This action was instituted by the appellee, S. A. Young, a resident and taxpayer of the city of Henderson, to enjoin the city authorities from furnishing to property outside of the city limits an electric light current from the electric light plant belonging to the city, upon the grounds that by the express terms of subsection 5 of section 3290 of the Kentucky Statutes of 1903, which is a section of the charter of cities of the third class, to which Henderson belongs, it was only authorized to provide the city and the inhabitants thereof with water, light, power, heat, telephone service, etc., and by necessary implication it was prohibited from extending such service beyond the city limits. The city, for answer, says, in substance: "That the electric light plant belonging to the city is equipped with machinery which is capable, with the same number of employes now found necessary to conduct it, to furnish, with a small additional expense for fuel, light to a very much larger number of customers than it now has, or is likely to have for some years to come; and that the only way in which it can pay for the construction of the plant and meet its operating expenses is to enlarge the number of its probable customers; that in the instance complained of it has the personal guaranty of solvent parties, living just outside of the city limits, to pay such a sum for three years as will reimburse it for all the expense to which the city would be subjected in making the

proposed extension, and to take and pay for the electric current to be furnished by the city at ten per cent. in excess of the price charged to residents of the city. It is further alleged that the city will be in no wise embarrassed in its duty to furnish light to the city by the proposed contract with parties living outside of the city, but that such contract would be for the mutual benefit of both parties." A general demurrer was sustained to the answer, and the city perpetually enjoined from extending its electric current outside the city limits, and the city has appealed.

A city has two classes of powers—one legislative and governmental, in the exercise of which it is a sovereignty and governs its people; and in the exercise of this class of powers the statute must be strictly construed. The other class of powers is conferred upon it for the purpose, not of government, but for private advantage to the city and its inhabitants. In the exercise of these powers it is governed by the same rules that govern private individuals or corporations. See Dillon's Municipal Corporations (3d Ed.) 36, and authorities cited in note. In the management and operation of its electric plant a city is not exercising its governmental or legislative powers, but its business powers, and may conduct it in the manner which promises the greatest benefit to the city and its inhabitants in the judgment of the city council; and it is not within the province of the court to interfere with the reasonable discretion of the council in such matters. Questions similar to the one at bar were very fully considered in the cases of Illinois Trust & Savings Bank v. City of Arkansas City, 76 Fed., 271, 22 C. C. A., 171, 34 L. R. A., 518, and Pikes Peak Power Co. v. City of Colorado Springs, 105 Fed., 1, 44 C. C. A., 333. In the opinion in the latter case the court used this language: "But it is equally true that municipalities and their officers

have the power and use of all public utilities under their control for the benefit of their cities and citizens, provided always that such application does not materially impair the usefulness of these facilities for the purpose for which they were primarily created. . . . Where a city has had legislative authority to erect a dam for the purpose of waterworks for the city, it might lawfully lease for private purpose any excess of water not required for its waterworks. This is a just and reasonable rule. It is a rule not inconsistent with any principle of law or equity, and in accord with that good sense and good business principles which recognize as a public good the growth of two blades of grass where but one grew once before, and the conversion of waste to use." It seems to us that this case falls clearly within the rule announced in the foregoing cases, and that the trial court erred in sustaining a demurrer to the answer.

For reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.

Petition for rehearing by appellee overruled.