WILLIAM B. SIMSON, Appellant, *v.* CHARLES B. PARKER et al., Constituting the Board of Public Works of the City of Tonawanda, et al., Respondents.

1. TONAWANDA, CITY OF — CONSTITUTIONALITY OF CHARTER PROVISION AUTHORIZING SALE OF SURPLUS WATER. The provision of the charter of the city of Tonawanda (L. 1905, ch. 357, tit. 20, § 19) that the board of public works "may sell to a corporation or individual outside of the city, the right to make connections with the mains for the purpose of drawing water therefrom, and fix the prices and conditions therefor; but the board shall not sell or permit the use of water under this section if thereby the supply for the city or its inhabitants shall be insufficient," does not violate the Constitution (Art. 8, § 10) prohibiting a city from giving any property to or in aid of any individual, association or corporation or be allowed to incur any indebtedness except for city purposes; the authority granted is to sell merely the surplus water, property for which the city has no use. This is not a gift or aid to the person to whom the sale is made, nor can an obligation incurred in making the sale be regarded as the creation of an indebtedness for other than a city purpose.

2. INVALIDITY OF CONTRACT TO FURNISH FIXED QUANTITY OF WATER FOR FIXED TERM. The board has no power, however, to make a contract to furnish a fixed quantity of water to a manufacturing company for a term of seven years, the company to have the option of renewing the contract for an additional term of seven years, the contract also providing that in case of the failure of the city to supply the stipulated quantity of water it should be liable to the company for all damages occasioned by such default and should pay the expense to which the company might be put in obtaining water from another source; the statute authorizes only a sale of surplus water as such surplus may exist from time to time and expressly forbids the board to sell or permit the use of water if thereby the supply for the city or its inhabitants should become insufficient.

*Simson* v. *Parker*, 113 App. Div. 888, reversed.

(Argued October 28, 1907; decided November 19, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 8, 1906, affirming a judgment in favor of defendants entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James McCormick Mitchell* for appellant. The contract is not authorized by the city's charter. (L. 1905, ch. 357, tit.

20, § 19 ; *Cooper* v. *City of Brooklyn,* 11 App. Div. 71 ; 160 N. Y. 657 ; *Haupt's Appeal,* 3 L. R. A. 536 ; *Bly* v. *W. D. M. W. Co.,* 197 Penn. St. 80 ; *Quincy* v. *Boston,* 148 Mass. 389 ; Elliott on Mun. Corp. 139 ; Smith on Mun. Corp. § 638.) If any provision of the charter can be construed to authorize the contract such provision is clearly unconstitutional. (Const. of N. Y. art. 8, § 10 ; *Matter of Chapman* v. *City of New York,* 168 N. Y. 80 ; *Weismer* v. *Vil. of Douglas,* 64 N. Y. 91 ; *Manning* v. *Devil's Lake,* 65 L. R. A. 187 ; *Hequembourg* v. *City of Dunkirk,* 18 N. Y. S. R. 570 ; *Matter of Comstock,* 25 N. Y. S. R. 611 ; 1 Dillon on Mun. Corp. [4th ed.] 46, § 27 ; *People ex rel. Murphy* v. *Kelly,* 76 N. Y. 475 ; *Matter of Mayor, etc.,* 99 N. Y. 569 ; *Sun Pub. Assn.* v. *Mayor, etc.,* 152 N. Y. 257 ; *Stemmler* v. *Mayor, etc.,* 179 N. Y. 473.) The board of public works and the mayor of the city of Tonawanda had no authority under the city charter to execute the contract with Jewett & Co. without the authorization of the common council. (1 Smith on Mun. Corp. § 205 ; *W. W. Co.* v. *Long Island City,* 23 App. Div. 78 ; 159 N. Y. 558 ; *People ex rel. Water Co.* v. *Sisson,* 75 App. Div. 138 ; 173 N. Y. 606.)

*Evan Hollister* for respondents. The execution of the contract on behalf of the city was duly authorized by the provisions of its charter. (*City of Fort Wayne* v. *L. S. & M. S. Ry. Co.,* 132 Ind. 558.) The charter provisions which authorize the contract are constitutional. (*P. P. P. Co.* v. *City,* 105 Fed. Rep. 1 ; 1 Farnham Water & Water Rights, §§ 158, 158b ; *S. P. Co.* v. *Mayor, etc.,* 152 N. Y. 257 ; *Weismer* v. *Vil. of Douglas,* 64 N. Y. 91 ; *Hequembourg* v. *City of Dunkirk,* 94 Hun, 550 ; *Comstock* v. *Syracuse,* 5 N. Y. Supp. 874 ; *People* v. *Kelly,* 76 N. Y. 475.) The board of public works and the mayor of the city of Tonawanda had complete authority to make the contract in question. (L. 1905, ch. 357, tit. 5, § 2 ; tit. 20, §§ 1, 4, 14, 19.)

CULLEN, Ch. J. This action is brought by a taxpayer of the city of Tonawanda to have a certain contract between the

board of public works of said city and the Jewett Company, a manufacturing corporation, whose works and plants are situated without the city limits, for a supply of water to said plants and works, adjudged illegal, void and a waste of the city's property, and to have all parties enjoined from acting thereunder. At the time of the execution of the contract the city of Tonawanda had, as found by the courts below, water works and a plant of sufficient capacity and equipment to furnish a daily supply of fifteen millions of gallons, while the daily consumption of water in said city did not exceed four and a half millions of gallons. By section 19, title 20, of the charter of the city it was provided : "Said board of public works may sell to a corporation or individual outside of the city, the right to make connections with the mains for the purpose of drawing water therefrom, and fix the prices and conditions therefor ; but the board shall not sell or permit the use of water under this section if thereby the supply for the city or its inhabitants shall be insufficient." (Laws 1905, ch. 357.) Acting under this authority, the board of public works made the contract in controversy. The Jewett Company's works were situated about a mile beyond the city boundaries. The contract in substance provided that the city should, during a period of seven years, furnish the Jewett Company, at their works, all the water that said Jewett Company or other parties occupying their premises might desire to use for commercial or domestic purposes and for fire protection, which could be delivered through a six-inch main. The city was to furnish a meter at the Jewett works to measure the water consumed. The Jewett Company was to lay the main, but in case the cost thereof should exceed the sum of $4,500 such excess was to be paid by the city. It was to pay the city for all water furnished exceeding fifty thousand gallons daily, six cents a thousand gallons. The first fifty thousand gallons per day was to be paid for by the Jewett Company, at the termination of the contract period, by transferring the main to the city, provided that the city had complied with the terms of its contract. The Jewett Company was given

the option to renew the contract for an additional term of seven years. The contract contained the further provision that in case of the failure of the city to supply the stipulated quantity of water it should be liable to the Jewett Company for all damages occasioned by such default, and should pay the expense to which the Jewett Company might be put in getting water from another source. The learned referee has found that the cost of laying the main from the city line to the Jewett works would not exceed the sum of $4,500; that the expense of furnishing the meter would not exceed $350, and that the cost of maintaining the main would be substantially insignificant. He held the contract valid, and that decision has been affirmed by the Appellate Division.

The counsel for the appellant insists that the power conferred upon the board of public works by the section of the charter cited is in violation of section ten, article eight of the Constitution, which provides that no city shall give any money or property to or in aid of any individual, association or corporation, or be allowed to incur any indebtedness except for city purposes. We think this claim destitute of merit. The sale of city property for which the city has no use is in no sense a gift to or in aid of the person to whom the sale is made. Nor is an obligation necessarily incurred in making the sale in any sense a creation of an indebtedness for other than a city purpose. The authority granted by the statute was to sell merely surplus water, and if the right existed to sell the water the expenditure incurred in effecting the sale was unquestionably made for a city purpose. It is easy to imagine cases where under the guise of prosecuting a city work a city might be authorized to incur expenditures which, in reality, were not for city purposes. This, however, is not such a case. Under the provision of the charter the contract was properly executed by the board of public works, and no authority from the common council was necessary for its execution. But we are of opinion that the contract in this case exceeded the authority granted by the charter to the board of public works and that, therefore, it is illegal and invalid.

The charter authorizes the board to sell the right to make connections with the mains for the purpose of drawing water and to "fix the prices and conditions therefor." It may be doubted whether the provision for paying for the first fifty thousand gallons of daily supply by the transfer of the main to the city at the expiration of the contract term, is not a barter or trade rather than the sale authorized by the statute. But on this we need not dwell, for other provisions of the contract necessarily condemn it. The statute expressly forbids the board to sell or permit the use of water, if thereby the supply for the city or its inhabitants should become insufficient. In other words, the statute authorizes only a sale of surplus water as such surplus may exist from time to time. Instead of limiting the obligation of the city to furnish water solely to such surplus, the contract imposes an absolute obligation to furnish such water as the Jewett Company may require during a period of either seven or fourteen years, as the Jewett Company may elect, and expressly provides that in case of failure to furnish water the city shall be liable for all damages caused thereby to the Jewett Company. Instead of being a contract for the sale of surplus water, which is all that the statute authorized or contemplated, it is simply an ordinary contract between vendor and vendee to furnish during a specified term such quantity of water as the vendee might require. No authority to make such a contract is given by the statute. If such authority were given by the statute the claim of the appellant, that the statute was in conflict with the Constitution as authorizing the city to embark in an enterprise which was not a city purpose, would not be wholly without force.

The judgment of the Appellate Division and that entered upon the report of the referee should be reversed and judgment directed for the plaintiff declaring the contract void and enjoining the defendants from proceeding thereunder, with costs to the appellant in all courts.

GRAY, O'BRIEN, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment accordingly.