JOHNSON CITY v. WEEKS et al.

(*Knoxville.* September Term, 1915.)

TAXATION. Exemptions. Municipal corporations. Property.
"Public purpose." Used for public purposes.

Const., art. 2, sec. 28, provides that "all property . . . shall
be taxed, but the legislature may except such as may be held
by . . . cities or towns and used exclusively for public or
corporation purposes." The Revenue Act exempted from taxa-
tion all property of cities or towns "that is used exclusively
for public or municipal purposes." Acts 1909, ch. 121, grants
to plaintiff city the power to "own and operate a system of
waterworks for said city and adjacent territory." Plaintiff
city constructed a water pipe line to the national home for
volunteer soldiers lying partly within and largely without its
limits. The county sought to tax the pipe line, alleging that
it was not used exclusively for public purposes. *Held*, that the
pipe line was exempt from taxation, since the private use for
the home was but incidental to the primary use, which was
public in character, since the convenience of surrounding ter-
ritory might properly be served by the line, and considerations
of welfare of the city demanded that a proper water supply for
the prevention of epidemics should be afforded the surrounding
territory.

Acts cited and construed: Acts 1909, ch. 121.

Cases cited and approved: Omaha Water Co. v. Omaha, 162
Fed., 225; Overholser v. National Home for D. V. S., 68 Ohio
St., 236; Ohio v. Thomas, 172 U. S., 276; Lyle v. National
Home for D. V. S., 170 Fed., 846; Knoxville v. Park City, 130
Tenn., 626; Smith v. Nashville, 88 Tenn., 464; Newark v.
Varona Township, 59 N. J. Law, 94; Henderson v. Young, 119
Ky., 224; Simson v. Parker, 190 N. Y., 19; In re Orillia, 7
Ontario L. R., 389; Slingerland v. Newark, 54 N. J. Law, 62;
Spaulding v. Lowell, 23 Pick. (Mass.), 71; Re New York, 99

Johnson City v. Weeks.

N. Y., 569; Kaukauna Water Power Co. v. Green Bay, etc., Co., 142 U. S., 254.

Cases cited and distinguished: Com. v. Covington, 128 Ky., 36; Perth Amboy v. Barker, 74 N. J. Law, 127.

Constitution cited and construed: Art. 2, sec. 28.

FROM WASHINGTON.

Appeal from the Chancery Court of Washington County.—HAL H. HAYNES, Chancellor.

GEO. C. SELLS, for appellant.

J. STANLEY BARLOW, for appellees.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The bill of complaint was filed by the city of Johnson City, a municipal corporation, to enjoin the officials of Washington county from assessing and collecting taxes for county purposes upon a water pipe line, owned by the city, that extends from its corporation boundary line to the south gate of the National Home for Disabled Volunteer Soldiers, an institution occupying a park of several hundred acres partly within and for the most part without the corporate limits.

In the bill it is alleged that the city installed this pipe line for the purpose of disposing of surplus water, not needed or used by the city or its inhabitants, as a supply for the members of the Home adequate to their

needs; that the Home has about one thousand, five hundred members, a number of whom are citizens of Johnson City; that it is to the interest of the city that such a supply be furnished, as otherwise the water supply of the Home was inadequate and unwholesome, thereby endangering the members and the residents of the city; that the only recourse of the Home for an adequate supply is from the municipal plant; that the rentals collected from that institution are used within the limits of Johnson City for municipal purposes, in extending and improving complainant's water system.

It is alleged that the levy would be void as being on property of complainant that is not subject to taxation, and the bill was filed to have the rights of the complaint city and of the county determined.

A demurrer was filed by the county officials, which was sustained by the chancellor, who conceived that, while the pipe line was properly in use for a corporate proprietary purpose, it was not used for a public purpose within the meaning of our Constitution and revenue act.

The Constitution, art 2, sec. 28, provides:

"All property . . . shall be taxed, but the legislature may except such as may be held by . . . cities or towns, and used exclusively for public or corporation purposes."

The revenue act undertakes to exempt from taxation all property of cities or towns "that is used exclusively for public or municipal purposes."

The city of Johnson City was authorized to lay a pipe line to supply the National Home for Disabled Volunteer Soldiers, lying beyond its corporate limits, under the grant of power contained in Acts 1909, ch. 121, to ''own and operate a system of waterworks for said city and adjacent territory.'' *Omaha Water Co.* v. *Omaha,* 162 Fed., 225, 89 C. C. A., 205, 15 Ann. Cas., 498, and same case 218 U. S., 180, 30 Sup. Ct., 615, 54 L. Ed., 991.

The last phrase, ''adjacent territory,'' we take to mean its suburbs not within the limits of another municipality.

The National Home for Disabled Volunteer Soldiers is but a charity of the national government administered through the medium of an incorporated entity. *Overholser* v. *National Home for D. V. S.,* 68 Ohio St., 236, 67 N. E., 487, 62 L. R. A., 936, 96 Am. St. Rep., 658; *Ohio* v. *Thomas,* 173 U. S., 276, 19 Sup. Ct., 453, 43 L. Ed., 699; *Lyle* v. *National Home for D. V. S.* (C. C.), 170 Fed., 846.

That institution is in no sense a municipal corporation, but stands in the same plight as does an institution administered as an agency of the State government, such, for example, as the State Normal School located near the same city.

The question to be solved, therefore, is: If a municipality lay a water line from its corporate liimts to such an institution, or construct a lighting line for the purpose of supplying water or light (as the case may be) from its plant for such an institution, located in

territory adjacent to the corporate boundary, is such line subject to taxation (or to be treated as unexempt) in behalf of the county in which such fragment of line lies?

We had thought that the argument of this court in the case of *Knoxville* v. *Park City,* 130 Tenn., 626, 172 S. W., 286, L. R. A., 1915D, 1103, fairly demonstrated a negative answer; but the counsel of the county of Washington relies upon that case as one announcing a doctrine to the contrary.

In that case the following language was used:

"The court of appeals of Kentucky, in the later case of *Com.* v. *Covington,* 128 Ky., 36, 107 S. W., 231, 14 L. R. A. (N. S.), 1214, held that the fact that water was furnished for compensation to inhabitants of its suburbs, without its or any corporate limits, does not alter the public purpose or use of its water system so as to make it subject to taxation. But the court took care to distinguish the case it had in hand from the one we have under investigation, saying:

" 'We do not mean that a city may enter upon the business of maintaining a waterworks system for other cities or towns, but only that the fact that it incidentally furnishes water to a considerable number of persons in proximity to the city, without injury to the rights of the city, does not alter the public character or use of the property, or make it subject to taxation.'

"The ruling in *Com.* v. *Covington,* supra, is in harmony with the decision of many courts to the effect that the fact that water is furnished to inhabitants of

unincorporated suburbs is a mere incident to and not destructive of the public use.''

Later on in the opinion in *Knoxville* v. *Park City,* the case of *Smith* v. *Nashville,* 88 Tenn., 464, 12 S. W., 924, 7 L. R. A., 469, was referred to as drawing the same distinction between a furnishining of water to inhabitants of unincorporated suburbs and a furnishining by one city to another and distinct municipality by means of a physical plant owned by the former in the boundaries of the latter.

The argument and the holding in the case of *Knoxville* v. *Park City* was that the public character of the property there involved was lost because Knoxville could not serve even incidentally its own corporate public purpose by means of a water system owned by it in Park City; that all public municipal powers and purposes exercisable in the borders of the latter city were by legislative act devolved on the municipality of Park City; and that ''what is the primary public purpose of Park City may not be an incidental public purpose of Knoxville.''

In *Perth Amboy* v. *Barker,* 74 N. J. Law, 127, 65 Atl., 201, Mr. Justice Pitney delivering the opinion, it was held that the right of a city to exemption from taxation as to property ''when used for public purposes'' was not lost by the fact that sales of surplus water were made to parties outside the territorial limits of the city. It was there said:

''The sales of water outside of Perth Amboy are merely incidental to the general public purposes for

which the waterworks were established and are being maintained and operated by that city. . . . In our view such use of the surplus water does not take away the right of Perth Amboy to exemption from taxation upon the property that is used primarily and principally for the public purposes of that city. See *Newark* v. *Varona Township,* 59 N. J. Law (30 Vroom), 94 (34 Atl. 1060).''

. See, also, *Henderson* v. *Young,* 119 Ky., 224, 83 S. W., 583; *Simson* v. *Parker,* 190 N. Y., 19, 82 N. E., 732; *In re Orillia,* 7 Ontario L. R., 389; 4 McQuillin, Mun. Corp., 3858.

If we resort, as we did in the case of *Knoxville* v. *Park City,* to the law of eminent domain to aid in ascertaining by analogy the import of the phrase ''public purpose,'' we find the rule there to be that, if a city disposes or purposes to dispose of surplus water for such an outside use, that fact does not deprive it of the right to resort to condemnation nor make the condemnation one for other than a public purpose. *Slingerland* v. *Newark,* 54 N. J. Law, 62, 23 Atl., 129; *Spaulding* v. *Lowell,* 23 Pick. (Mass.), 71; *Re New York,* 99 N. Y., 569, 2 N. E., 642; *Kaukauna Water Power Co.* v. *Green Bay, etc., Co.,* 142 U. S., 254, 12 Sup. Ct., 173, 35 L. Ed., 1004, and note 21 L. R. A. (N. S.), 538, 543.

As will be noted, the ruling is rested upon the principle that such use is but incidental to the primary use, which is public in character.

The rule is based on consideration of convenience, but convenience that approaches near to necessity. Fringing the boundaries of a city or town, there is nearly always a population that is dependent for advantages of water and light on the initiative and enterprise of the city or town of which it comes so near to being an integral part. Left alone, such a population has not the cohesiveness or the civic strength required to procure such a service for itself. That it should have a supply of water in order, for example, to the prevention of sickness and epidemics, is a matter of concern to the near-by urban population as well as to itself. It is not a far reach that such a service by the city should be covered by a power thus incidentally public in character when that public purpose is not delegated to another municipality.

We are unable to appreciate the force of any reasoning which would concede the existence of such a power in a municipality to serve a considerable number of the homes of individuals in the immediate suburbs of a city through its own pipe lines, which is apparently admitted by the appellee county, and yet deny the existence of the power, with a like consequent immunity, in respect of such a supply when furnished by the municipality to an institution that is a public charity merely because in the same are assembled in barracks and in masses on a government reservation the wards of the federal government. These men, because of advanced age and service in the army and navy, would seem to be peculiarly subject to the ravages of disease, and in

Johnson City v. Weeks.

such need of a supply of water from a city's surplus as to be a matter of solicitude to the inhabitants of the city itself.

The decree of the court below is reversed, and the cause remanded for further proceedings.