## Flutmus v. City of Newport.

(Decided May 25, 1917.)

### Appeal from Campbell Circuit Court.

1. Municipal Corporations—Governmental Function—Water Works Plant—Liability.—A municipal corporation which operates its own water works plant acts in a private, and not in a governmental capacity, and is liable for injuries resulting from its negligent acts in connection therewith the same as any private individual.

2. Municipal Corporations—Water Works Plant—Liability to Invitee.—An employe of a firm engaged in repairing machinery in a municipal water works plant is on the premises by invitation of the city, and the city owes him the duty to use ordinary care to see that its premises are reasonably safe for the purposes of its invitation.

HEALY & HAWKINS for appellant.

BRENT SPENCE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Herbert Flutmus brought this suit against the city of Newport to recover damages for personal injuries. A de-

murrer was sustained to the petition as amended and the petition was dismissed. Plaintiff appeals.

The allegations of the petition are, in substance, as follows: Newport is a city of the second class and maintains a waterworks system, with its pumping station in Campbell county on the Ohio river, about seven miles from the city. The city not only furnishes its own inhabitants with water, but sells and furnishes water to the Union Light, Heat & Power Company, which in turn sells and furnishes it to the cities of Bellevue, Dayton and other municipalities. A part of the machinery used in the pumping station is located beneath the station and is reached by three flights of stairs to a platform, and from the platform by what is known as a cistern. Some time prior to the accident, the bolts which fastened one of the steps of the last flight came out and the step became loose, thus making it dangerous for use. Such condition was known, or could, by the exercise of ordinary care, have been known, to the defendant, its officials and servants in time to have repaired the step before the accident. Notwithstanding this knowledge, defendant carelessly and negligently permitted said step to remain in such dangerous condition until after the accident. On December 6, 1915, while in the employ of the William T. Johnson Company, of Cincinnati, plaintiff was engaged in repairing a part of the machinery of the pumping station. While so engaged it was necessary for him to go down the steps heretofore described, and when he reached the loose step it turned and threw him to the bottom of the stairs, and he was thereby seriously and permanently injured.

It may be conceded that it is the established law of this state that a city is not liable for personal injuries caused by the negligence of its servants engaged in the discharge of a governmental function. O'Gara v. City of Dayton, 175 Ky. 395; Twyman v. Frankfort, 117 Ky. 518, 78 S. W. 446, 25 R. 1620, 64 L. R. A. 572, 4 Ann. Cas. 622; Kippes v. Louisville, 140 Ky. 423, 131 S. W. 184, 30 L. R. A. (N. S.) 1161; City of Bowling Green v. Rogers, 142 Ky. 559, 134 S. W. 921, 34 L. R. A. (N. S.) 461; Allison v. Cash, 143 Ky. 679, 137 S. W. 245; Smith v. Commissioners of Sewerage, 146 Ky. 562, 143 S. W. 3, 38 L. R. A. (N. S.) 151.

But it is equally well settled that a municipal corporation has two classes of powers—one legislative and governmental, in the exercise of which it is a sovereignty and governs its people, and one conferred upon

it for the purpose, not of government, but for the private advantage of the city and its inhabitants. In the exercise of the latter powers it is governed by the same rules that govern private individuals or corporations. City of Henderson v. Young, 119 Ky. 224, 83 S. W. 583. McQuillin, in his work on Municipal Corporations, vol. 6, section 2680, says: ''Municipal ownership, in the usual and common acceptation of that term, must of necessity carry with it the same duty, responsibility, and liability on account of negligence that is imposed upon and attaches to private owners of similar enterprises. For example, it is settled beyond dispute that a municipality which operates its own water, electric light, or gas plant acts in a private, and not a governmental capacity, and is liable for its negligence in connection therewith.'' In Farnham on Waters, section 158b, the rule is thus stated: ''Since the municipality, in undertaking to supply itself and its inhabitants with water, enters upon a private business enterprise, it is liable for injuries resulting from its negligent acts the same as any private individual.'' Mr. Dillon states the doctrine as follows: ''We elsewhere discuss the responsibility of the city for the acts and negligence of members of its fire department in extinguishing or attempting to extinguish fires. We have there pointed out that, inasmuch as these are regarded as strictly governmental functions, the city is not, generally at least, liable for the negligence or wrongful acts of its officers or agents. But with these exceptions, it would seem to be the general rule that in constructing and maintaining waterworks and water mains and distributing pipes, and in constructing and maintaining a gas or electric light plant, with the usual mains and distributing pipes, or poles and wires, a city, in matters other than those above mentioned, *acts in its private and corporate capacity, and is liable for the negligence* of its officers and agents to the employes of the city and to other persons who suffer damage from such negligence.'' Dillon on Municipal Corporations, section 1670, page 2910. And the rule above announced is supported by the great weight of authority. Rhobidas v. Concord, 70 N. H. 90, 51 L. R. A. 381, 85 Am. St. Rep. 604, 47 Atl. 82; Ft. Wayne v. Christie, 156 Ind. 172, 59 N. E. 385; Ft. Wayne v. Patterson, 25 Ind. App. 547, 58 N. E. 747; Connolly v. Waltham, 156 Mass. 368, 31 N. E. 302; Powers v. Fall River, 168 Mass. 60, 46 N. E. 408; Reed v. Syracuse, 83 Neb. 713, 120 N. W. 180; Wannamaker v. Rochester, 44 N.

Y. S. R. 45, 17 N. Y. Supp. 321; Hourigan v. Norwich, 77 Conn. 358, 59 Atl. 487; Henderson v. Kansas City, 177 Mo. 477, 76 S. W. 1045; Brown v. Salt Lake City, 33 Utah 222, 14 L. R. A. (N. S.) 619, 126 Am. St. Rep. 828, 93 Pac. 570, 14 A. & E. Ann. Cas. 1004; Winona v. Botzet, 23 L. R. A. (N. S.) 204, 94 C. C. A. 563, 169 Fed. 321; Augusta v. Mackey, 113 Ga. 64; Roberts v. St. Mary's, 78 Kan. 707; Lynch v. Springfield, 174 Mass. 430; St. Germain v. Fall River, 177 Mass. 550; Dammann v. St. Louis, 152 Mo. 186; Bullmaster v. St. Joseph, 70 Mo. App. 60; Boothe v. Fulton, 85 Mo. App. 16; Messersmith v. Buffalo, 138 N. Y. App. Div. 427. When carefully considered, the distinction between a governmental function and a private or business function is at once perceptible. In the former case, the state itself is interested and bestows a portion of its sovereignty on the municipality for its own government, and the municipality, in exercising such powers, acts in the capacity of a sovereign. However, when a state gives to a municipality the power to maintain a waterworks system, it parts with none of its sovereignty and confers no power of government, but merely authorizes the municipality, in its private capacity, to do that which any individual or corporation having the requisite franchise would be authorized to do. Having thus taken the place of such individual or corporation, there is every reason why its liability should be the same. Here the city of Newport sells water not only to its own inhabitants, but to the inhabitants of the surrounding municipalities. In the absence of specific authority, a municipality has no power to exercise a governmental function beyond its own limits. Hence, the only foundation for its right to sell water to the inhabitants of other municipalities is the fact that, in maintaining its waterworks plant, it is exercising a power conferred for its private advantage, and not a power conferred for governmental purposes. City of Hendersen v. Young, *supra*.

Since the liability of the city in a case like this is the same as that of a private owner of a waterworks plant, it remains to determine whether a private owner is liable under the circumstances set forth in the petition. In such a case, the liability of the owner turns on whether the person injured is a bare licensee or is on the premises by invitation of the owner. If the former, he enters the land at his own risk and must take the premises as he finds them, and the owner owes him no duty except

to refrain from wilfully injuring him and from setting traps for him.  Blackstone v. Chelmsford Foundry Co., 170 Mass. 321, 49 N. E. 635.  If, however, he is on the premises by invitation of the owner, the owner is under the legal duty to use ordinary care to see that the premises are reasonably safe for the purposes of the invitation.  Beehler v. Daniels, 18 R. I. 563, 27 L. R. A. 512, 29 Atl. 6.  The class to which a workman sent by his master to make repairs in machinery belongs "includes persons who go, not as mere volunteers or licensees, or guests, or servants, or persons whose employment is such that danger may be considered as bargained for, but who go upon business which concerns the occupier, and upon his invitation, express or implied."  Indermaur v. Dames (1866) L. R. 1, C. P. 274, 35 L. J. C. P. N. S. 184, 12 Jur. N. S. 432, 14 L. T. N. S. 484, 14 Week. Rep. 586, 1 Harr. & R. 243 (1867), L. R. 2 C. P. 311, 36 L. J. Exch. N. S. 181, 16 L. T. N. S. 293, 15 Week. Rep. 434.  Here the plaintiff was an employe of a company that had contracted to repair the machinery and was, therefore, on the premises by the invitation of the city.  Since it was necessary for him to use the steps in the performance of the work in which he was engaged, the city was under the duty to exercise ordinary care to see that the steps were in a reasonably safe condition for his use.  It follows that the demurrer to the petition as amended should have been overruled.

Judgment reversed and cause remanded for proceedings consistent with this opinion.