C. S. DENMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 38030, 44028.    Promulgated December 8, 1932.

*A. F. Schaetzle, Esq.*, for the petitioner.
*J. R. Johnston, Esq.*, for the respondent.

### OPINION.

LANSDON: The respondent has asserted deficiencies in income tax for the years 1925, 1926 and 1927, in the respective amounts of $68.33, $128.94 and $775.18. The only issue is whether all or any part of the petitioner's salary as a manager of the municipally owned waterworks of the City of Des Moines is exempt from Federal income tax. The two proceedings were duly consolidated for hearing.

Petitioner is an individual residing in Des Moines, Iowa, where he is the manager of the municipally owned and operated waterworks of that city. In each of the years here involved he received an annual salary of $8,000, which was paid to him by the city through the trustees of the waterworks system.

The City of Des Moines owns, maintains and operates a waterworks system through a board of trustees under authority conferred by the General Assembly of the State of Iowa. It furnishes all the water used by the city and its inhabitants. Water supplied to private purchasers is metered and a flat charge based on the mileage of mains is made for that consumed by the city. Prior to municipal ownership, water was supplied to the City of Des Moines by a private corporation.

The essential governmental activities of the republic are not taxable by the states and the corresponding activities of the states are not taxable by the republic. *McCulloch* v. *State of Maryland*, 4 Wheat, 316; *Weston* v. *City Council of Charleston*, 2 Pet. 449; *Collector* v. *Day*, 11 Wal. 113, 127; *Indian Motorcycle Co.* v. *United States*, 283 U. S. 570. Any difficulty in the application of the principle arises from the necessity of differentiating between functions that are essentially and usually governmental in character and those which are proprietary.

Petitioner here contends that the supplying of water to the city and its inhabitants is an essential governmental function that has now become usual throughout the republic, and in his brief calls

attention to evidence adduced in this proceeding that a very large proportion of the cities of the United States own and operate waterworks systems. This contention is not in harmony with the decisions of the courts and of the Board. In *Flint* v. *Stone Tracy Co.*, 220 U. S. 107, the Supreme Court said:

It is no part of the essential governmental functions of a State to provide means of transportation, supply artificial light, water and the like. These objects are often accomplished through the medium of private corporations, and, though the public may derive a benefit from such operations, the companies carrying on such enterprises are, nevertheless, private companies, whose business is prosecuted for private emolument and advantage. For the purpose of taxation they stand upon the same footing as other private corporations upon which special franchises have been conferred.

The true distinction is between the attempted taxation of those operations of the States essential to the execution of its governmental functions, and which the State can only do itself, and those activities which are of a private character. The former, the United States may not interfere with by taxing the agencies of the State in carrying out its purposes; the latter, although regulated by the State, and exercising delegated authority, such as the right of eminent domain, are not removed from the field of legitimate Federal taxation.

In *Blair* v. *Byers*, 35 Fed. (2d) 326, the United States Circuit Court of Appeals, in a case in which an attorney employed and paid by the trustees of the Des Moines Municipal Water Works sought to have salary received therefrom exempted from Federal taxation, the court said:

Clearly the government is not prohibited from taxing the instrumentalities of a state or a political subdivision of a state, when these are employed in the exercise of a proprietary function. The Supreme Court, in *South Carolina* v. *United States*, 199, U. S. 437, 26 S. Ct. 110, 116, 59 L. Ed. 261, 4 Ann. Cas. 737, held that: "The exemption of state agencies and instrumentalities from national taxation is limited to those which are of a strictly governmental character, and does not extend to those which are used by the state in the carrying on an ordinary private business."

In the *Byers* opinion *supra*, the court relied on *Stone Tracy Co.*, *supra*, and also the following from *City of Winona* v. *Botzet*, 169 Fed. 321:

In the *City of Winona* v. *Botzet*, 169 F. 321, 333, 23 L. R. A. (N. S.) 204, this court decided that: "The power of a city to construct and operate waterworks is not a political or governmental, but a private or corporate, power, granted and exercised, not to enable it to control its people, but to authorize it to furnish to itself and to its inhabitants water for their private advantage."

In a very recent proceeding, *T. P. Wittschen*, 25 B. T. A. 46, in which the attorney of a California utility district sought tax exemption for the salary received therefrom, there is a full discussion of all the questions here involved. We think that the result reached in that proceeding is controlling here.

As an alternative, petitioner contends that, even if we should hold that supplying water to inhabitants by a municipally owned waterworks is a proprietary function, nevertheless, the supplying of water to the city itself for flushing sewers and streets and for use in the school and other public buildings is an essential and usual governmental function. In this connection the evidence shows that an average of about 40 per cent of all the water pumped by the Des Moines Water Works in the taxable years was used by the city. On this showing petitioner contends that at least 40 per cent of his salary should be exempt from Federal income tax. We can not adopt this theory. Whether water is sold to inhabitants or to the city, the nature of the transaction is the same. It is a function that is not essentially governmental.

*Decision will be entered for the respondent.*