EDWARD J. MILLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50050.   Promulgated May 31, 1933.

*Robert Ash, Esq.*, and *A. J. Nauman, C. P. A.*, for the petitioner.
*D. P. Kimball, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner has determined deficiencies in income tax for the years 1927 and 1928 in the respective amounts of $1,200 and $1,250. The only error assigned is the determination of the Commissioner that the petitioner's salary as president of the board of water works of the city of Louisville, Kentucky, is subject to income tax.

The petitioner is an individual who resides in Louisville, Kentucky. During the years 1927 and 1928 he was a member of the board of water works of the city of Louisville. He was appointed to this office by the mayor and confirmed by the board of aldermen. He took the oath of office prescribed for all city officials. Not only was he a member, but he was also president of the board, having been elected by the other members. As president he received a salary of $5,000 in each year. He had general supervision of the water system supplying water used in Louisville and nearby districts. He did not report for either year his salary of $5,000 above mentioned. In determining the deficiency for each year the Commissioner added the $5,000 to income.

The Louisville Water Co. was chartered by a special act of the General Assembly of Kentucky, approved March 6, 1854. Originally the capital stock of the corporation consisted of 10,000 shares of the par value of $100 each. The number of shares was later increased to 25,000. The city of Louisville had authority to purchase the property of the corporation at any time and also to subscribe for its stock. The corporation constructed waterworks and supplied water to the city and other users in and near Louisville. From time to time the city purchased capital stock of the corporation. By April 19, 1907, the city of Louisville had acquired all of the shares of the capi-

tal stock of the corporation. Until March 6, 1906, the affairs of the corporation were conducted by directors elected by the stockholders. A board of water works of the city of Louisville was created by a Kentucky statute approved on March 6, 1906. Shortly thereafter all of the directors of the Louisville Water Co. resigned and thereafter the properties of the corporation were managed and controlled by the board of water works. In 1908 the board of directors of the Louisville Water Co. was reorganized, and on July 22 of that year it adopted a resolution authorizing the conveyance by the Louisville Water Co. of the title to all of its properties to the city of Louisville. On the same day the transfer was made. Since that time the Louisville Water Co. has not had a board of directors. The corporation has not been dissolved. Bills to customers are sent in the name of Louisville Water Co. Since 1918 the Louisville Water Co. has paid a " dividend " of $191,000 in each year to the city of Louisville. These " dividends " go into the sinking fund from which interest and principal on the bonded indebtedness of the city are paid. Water for municipal purposes, that is, for schools, parks, swimming pools, public libraries, hospitals, fire, police, streets and sewers, is furnished to the city free of charge. All income from water rents over and above that paid to the city of Louisville is used for extensions, improvements, and betterments.

The question is whether or not the petitioner's salary, as president of the board of water works of the city of Louisville, for the years in controversy, is part of his gross income for Federal income tax purposes. The Revenue Acts of 1926 and 1928 do not contain any express provision that such income shall not be subject to tax. In this respect this case differs from cases arising under the Revenue Act of 1924 or prior revenue acts. See section 1211 of the Revenue Act of 1926 and *Leland Powers, Executor*, 26 B.T.A. 1381. Obviously, the definition of gross income applicable to the year in question is broad enough to include the petitioner's salary as president of the Board of Water Works of the city of Louisville. "A municipal corporation has two classes of powers, one legislative and governmental, in the exercise of which it is a sovereignty and governs its people, and one conferred upon it for the purpose, not of government, but for the private advantage of the city and its inhabitants." *Flutmus* v. *City of Newport*, 175 Ky. 817; 194 S.W. 1039. This distinction is generally recognized. *City of Winona* v. *Botzet*, 169 Fed. 321. If the petitioner's salary is not to be included in his gross income, it must be because of the principle early established in the United States that the Federal Government may not interfere through taxation with the

states and municipal subdivisions thereof in their exercise of their governmental powers. The immunity does not extend beyond the means and agencies used to perform governmental functions. *Indian Motorcycle Co.* v. *United States*, 283 U.S. 570. The difficulty is to determine on which side of the line a particular case falls. The Court of Appeals of Kentucky, in *Flutmus* v. *City of Newport, supra*, has held:

When a state gives to a municipality the power to maintain a waterworks system, it parts with none of its sovereignty and confers no power of government, but merely authorizes the municipality, in its private capacity, to do that which any individual or corporation having the requisite franchise would be authorized to do.

There is a statement in *Flint* v. *Stone Tracy Co.*, 220 U.S. 107, that it is no part of the essential governmental function of a state to provide water. This seems to be the general rule. *Blair* v. *Byers*, 35 Fed. (2d) 326; *City of Winona* v. *Botzet, supra; Woodward* v. *Livermore Falls Water District*, 116 Me. 86; 100 Atl. 317. Cf. *South Carolina* v. *United States*, 199 U.S. 437, and *Burnet* v. *Jergins Trust*, 288 U.S. 508, reversing 61 Fed. (2d) 92, which reversed 22 B.T.A. 551. Furthermore, the case of *C. S. Denman*, 27 B.T.A. 256, is not distinguishable from the present case. We there relied upon some of the cases above referred to and held that income similar to the income here in question is subject to tax. We see no reason why that case should not be followed here.

*Decision will be entered for the respondent.*