EDMUND R. HALSEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 51246, 56310, 61217, 67231. Promulgated August 22, 1933.

*Fred Van Dolsen, Esq.*, for the petitioner.
*George D. Brabson, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The petitioner invokes the Constitution for immunity from the proposed tax liability on the ground that the income derived by him, representing 5 percent of the cost of engineering projects of the townships, was the compensation of a public officer or employee of a state or municipal government which the Federal Government is prohibited from taxing, since such a tax would have the effect of interference with the performance of the functions of the state. We may assume without discussion, and without deciding, that the petitioner was an officer or employee of a municipal subdivision of the state, and assume further that the percentage form of his compensation makes his case no weaker than if he received a fixed statutory salary. Cf. *Metcalf & Eddy* v. *Mitchell*, 269 U.S. 514. There is still, however, a lack of sufficient evidence to establish, as the petitioner must, in order to overcome the presumption that respondent's determination is factually correct, that the services and functions petitioner performed were entirely governmental in character and were to no extent proprietary. *Flint* v. *Stone Tracy Co.*, 280 U.S. 107; *South Carolina* v. *United States*, 199 U.S. 437; *Blair* v. *Byers*, 35 Fed. (2d) 326; *T. P. Wittschen*, 25 B.T.A. 46; *Leland Powers, Executor*, 26 B.T.A. 1381; *C. S. Denman*, 27 B.T.A. 256. The facts were stipulated, and give no opportunity for inquiry. It appears not only that petitioner's compensation was derived from projects which were more or less or perhaps entirely connected with the furnishing of water and light, but by the use in the stipulation of an undefined " etc." it is made impossible to say what the nature and extent of his other services may be.

The factors which indicate and those which delimit the Constitutional immunity have never been easy to apply. The exemption of the individual is only derivative and incidental to the state's right to freedom from Federal interference with its sovereign activities. Manifestly the individual is not to be given the exemption upon a record which leaves it doubtful what services he performed, whether they pertained to the state's sovereign functions, and whether the tax would amount to an interference with their exercise. *Willcuts* v. *Bunn*, 282 U.S. 216; *O'Gorman & Young* v. *Hartford Insurance Co.*, 282 U.S. 251.

*Judgment will be entered for the respondent.*