SOUTHERN NEBRASKA POWER COMPANY, APPELLANT, V. VILLAGE OF DESHLER ET AL., APPELLEES.

FILED MARCH 13, 1936. No. 29551.

*B. F. Napheys, Jr., W. O. Baldwin* and *F. H. Stubbs,* for appellant.

*Perry, Van Pelt & Marti* and *Anan Raymond, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

This is an action for an injunction against the village of Deshler and its officials, Fairbanks, Morse & Company

and Fairbanks, Morse Construction Company to enjoin the performance of contracts for the enlargement and extension of an electric light plant and distribution system in the village of Deshler, to be paid for out of the future net earnings of the plant. The lower court denied the injunction and dismissed the suit. Plaintiff brings the case to this court on appeal.

Plaintiff alleges that it is a taxpayer in the village of Deshler and the assignee of a franchise granting the right to construct and operate a light plant and distribution system within the village. It further alleges that the village does not have express or implied power to purchase an entire new light and distribution system by a combination of bonds and warrants, the warrants pledging the future earnings of the plant without liability upon the village for their payment. Plaintiff further alleges that the village is without authority to let a contract for public works by the express terms of which a cash bid will not be considered or accepted and that payment is to be made only with warrants pledging the future earnings of the plant, where the elimination of the cash bidder results in a material increase in the cost. It further contends that the contract sought to be enjoined differs materially from the specifications for the work given to bidders by the complete omission of all engine specifications from the contract. Plaintiff further alleges that there was such collusion between the bidders and village officials that the contracts subsequently entered into are illegal and void.

Defendants first contend that plaintiff has not sufficient interest in the litigation to maintain the action for the reason that it has no franchise to operate an electric plant and distribution system in the village, and that it is not injured as a taxpayer for the reason that there is no obligation upon the village to pay under the contracts in question, payment being made solely by warrants pledging the future earnings of the plant. In view of the fact that a finding upon these contentions is not necessary to a decision of this case, we will assume for the purposes of this appeal, without passing

thereon, that plaintiff does have sufficient legal interest to maintain the action.

The record in this case shows that in September, 1933, the village of Deshler employed a special engineer with reference to the matter of establishing a municipal light plant and distribution system. At that time the engineer estimated that it would cost $65,000 to establish the light plant and distribution system required by the village. In February, 1934, a new estimate was prepared by the engineer in which the cost was estimated at $77,300. In April, 1934, a special election was held in which the voters of the village authorized the issuance of bonds in the amount of $29,500 for the construction of the first unit of the light plant and distribution system. A contract was let on May 24, 1934, to the Fairbanks, Morse Construction Company, in which a Fairbanks, Morse & Company engine was specified. Subsequent to the letting of this contract, the engine house was constructed, the engine installed, and light and power service established. The evidence is quite conclusive that, after the completion of this contract, a complete plant and distribution system were established and in operation. The established system, however, did not provide 24-hour service, which the officials thought was necessary to meet the needs of the consumers of electrical energy in that community. On December 27, 1934, another contract was let to Fairbanks, Morse & Company for the purchase of another Diesel engine and the enlargement of the light plant and distribution system already constructed. The amount of this contract was $53,786, all of which was to be paid out of the future earnings of the plant. It is the execution of this contract that plaintiff now seeks to enjoin.

Section 70-603, Comp. St. Supp. 1931, provides in part as follows: "Any * * * village * * * shall have the power and authority * * * to provide for or to secure the payment of the cost or expenses of purchasing, constructing, or otherwise acquiring, extending and improving, any real or personal property necessary or useful in its operation of any electric light and power plant, distribution system,

and/or transmission lines, by pledging, assigning, or otherwise hypothecating, the net earnings or profits of such * * * village, derived, or to be derived, from the operation of such electric light and power plant, distribution system, and/or transmission lines and, to that end, to enter into such contracts * * * as may be proper to carry out the provisions of this section." This court has held that this statute did not grant either express or implied power to a village to purchase an electric light and power plant and pay for it by pledging future earnings. *Interstate Power Co. v. City of Ainsworth,* 125 Neb. 419, 250 N. W. 649. But, in the case at bar, the village of Deshler was the owner of a light plant and transmission lines when the contract in question was entered into. We conclude, therefore, that the village of Deshler had the power, under the statute cited, to add to its light plant and extend its lines and pay the expense and cost thereof by pledging the future earnings of the plant without obligating the municipality for its payment.

Plaintiff further contends that the contract sought to be enjoined differs materially from the specifications for the work given to bidders, in that the engine specifications contained in the original plans were completely omitted from the contract. The record shows that, at the time plaintiff sought a copy of the contract from the village, pages 36 to 44, inclusive, which pages contained the engine specifications, were missing. The evidence, however, is quite clear that the pages had been removed therefrom subsequent to the time that the contract was entered into and that the contract when made was full and complete and thoroughly understood and carried out by the contracting parties. We have also failed to find any evidence of fraud or collusion between the officials of the city and the bidders on the contract, as charged by the plaintiff in its petition.

The contention is made, however, that the cost of the improvements was $20,000 more under the plan adopted by the village board than it would have been if payment had been made in cash. Complaint is also made that Fair-

banks, Morse & Company, being the only bidder, exacted an excessive price from the village for its engine and equipment. The evidence on this subject tends to sustain this allegation of the petition. The evidence also shows, however, that the village board hired a special engineer to make estimates on costs and to advise them generally as to this work. The record shows that the special engineer performed those duties. The village board were fully cognizant of the terms of the contract and the price called for therein. It is not the province of this court to substitute its judgment for that of the village officials in matters of this kind. In the absence of fraud or mistake, this court is powerless to intervene.

In *City of Henderson v. Young,* 119 Ky. 224, 83 S. W. 583, the court said: "In the management and operation of its electric plant a city is not exercising its governmental or legislative powers, but its business powers, and may conduct it in the manner which promises the greatest benefit to the city and its inhabitants in the judgment of the city council; and it is not within the province of the court to interfere with the reasonable discretion of the council in such matters." In *Butler v. Karb,* 96 Ohio St. 472, 117 N. E. 953, the court said: "A mere departure from the exercise of sound judgment does not warrant the interposition of the court and the control and guidance of its mandate." In *McMaster v. Mayor and Council of Waynesboro,* 122 Ga. 231, 50 S. E. 122, the court said: "The business affairs of a municipality are committed to the corporate authorities, and it would require a strong case to authorize the courts to interfere with their management. Here nothing was shown to warrant an order restraining the city from making a contract for lighting with electricity, even if the result thereof would be to render valueless the small oil equipment and appliances already owned. * * * An injunction is intended to preserve the status, not to undo what has been done. Neither is it intended to restrain what is not threatened to be done. If, therefore, as alleged in the defendants' answer, the city had already made a contract,

or if, as alleged in the answer, it was not threatening or preparing to make a ten-year contract, there was nothing to enjoin."

We therefore conclude that the plaintiff has failed to show any right to the equitable remedy of injunction. The trial court properly dismissed the action.

AFFIRMED.