JOHN WALRATH, Plaintiff, *v.* CITY OF SALAMANCA, Defendant.

Fourth Department, July 28, 1938.

*John W. Ellis,* for the plaintiff.

*Jesse M. Seymour [Thomas H. Dowd* of counsel], for the defendant.

CUNNINGHAM, J. The defendant, the city of Salamanca, is the owner of an industrial building situate in that city. Title to it was acquired by a tax deed. This structure has fallen into disrepair and is not at present fit for any use. An offer has been made by a responsible concern to lease the building for a term of ten years, with an option to purchase the same.

The defendant has advertised for bids for the lease or sale of this building, but of course the building must first be put in usable condition for occupancy by an industry before a purchaser or lessee can be secured. The city proposes to do this and to raise the money therefor by an issue of bonds. The necessary authority has been granted by the common council, and the taxpayers, by practically an unanimous vote, have authorized the sale of bonds to raise money for such purpose.

The plaintiff, who is a taxpayer in Salamanca, claims that the Constitution of this State prevents the issuance of bonds for such purpose and contends that the bonds are not to be issued for a city purpose but are to aid a private enterprise.

The Constitution of this State prohibits the use of the funds or credit of a city in aid of an individual or corporation, and provides that a city shall not incur any indebtedness except for city purposes. (Art. VIII, § 10.) So the question to be determined in this case is whether the money raised by the sale of the bonds is to be devoted to a city purpose or is to be used in aid of a private enterprise.

The charter of the city of Salamanca imposes upon the common council the duty to care for and control this property and authorizes it to lease or sell the same. (Laws of 1913, chap. 507, § 184.)

The Legislature has sanctioned the issuance of municipal bonds to raise money " for the reconstruction of buildings " owned by a municipality. (Gen. Mun. Law, § 8-a, subd. 9.)

The defendant was authorized to acquire this property as part of the procedure for the collection of its municipal taxes. It was not required to devote it to public use but could hold it for a resale or could lease it. It undoubtedly had the power to spend the money of the city to improve the building so that it could be sold or leased, and in doing so was using such money for city purposes. (*Simson* v. *Parker*, 190 N. Y. 19.)

In the *Simson* case the court held constitutional a provision of a city charter authorizing the city to sell surplus water from its municipal water works to a corporation or individual outside of the city, and said at page 22:

" The sale of city property for which the city has no use is in no sense a gift to or in aid of the person to whom the sale is made. Nor is an obligation necessarily incurred in making the sale in any sense a creation of an indebtedness for other than a city purpose. The authority granted by the statute was to sell merely surplus water, and if the right existed to sell the water the expenditure incurred in effecting the sale was unquestionably made for a city purpose."

It is now claimed that this court may determine that it is proper for a city to expend its money for ordinary repairs to a building owned by it but may not incur expense for improvements to the building which are necessary to make it usable. The ground upon which we are asked to make such differentiation of the purposes of the proposed city expenditures is not clearly stated. It must be on the theory that the courts have the right to decide that moneys used for improvements are not wisely expended. But the extent of such expenditures and whether the undertaking is likely to be a financial success, must be determined by the officials and people of the city.

The Constitution does not commit those questions to the judgment of the courts. (*Schieffelin* v. *Hylan*, 236 N. Y. 254, 268.)

The court said in that case: " But we must recognize that power inevitably carries with it the opportunity for misuse and, finding authority upon the part of a municipality to spend *some* sum of money upon occasions of the class which we have described, the courts cannot closely catalogue these occasions or fix the limits of their expenditures. Those are considerations which within wide limits must be left to the judgment and discretion of those whom the voters select to represent them."

The home rule provisions of the Constitution and statutes of the State have granted to cities the general power to manage their own affairs. The people are constantly seeking to extend this power. The courts should not interpret the Constitution so as to limit the power of cities unless the language thereof does not permit any other construction.

There is only one question that arises in this case under article VIII, section 10, of the Constitution, and that is, whether the proceeds of the bonds are to be used for city purposes or for the benefit of a private corporation.

Any question as to the extent of the expenditures would seem to be based upon a misconception of the power of the courts with respect to limitation of city expenditures.

It clearly appears that the defendant intends to use the proceeds of the sale of bonds to put in usable condition property owned by the city. The city owns the property and will still own it even though a lease of such property shall be made to a private corporation. The fact that a lease of the property is contemplated does not have any significance in determining whether the expenditures are to be made for city purposes. (*Sun Publishing Assn.* v. *Mayor*, 8 App. Div. 230; affd., 152 N. Y. 257.) It is obvious that the moneys are to be used for city purposes. Therefore, the first question should be answered in the affirmative and the second question in the negative, and the submitted controversy should be determined in favor of the defendant, with costs.

All concur, DOWLING, J., in a separate memorandum, except SEARS, P. J., and LEWIS, J., who dissent and vote for determination in favor of the plaintiff, in a memorandum. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and DOWLING, JJ.

DOWLING, J. (concurring). Under the stipulated facts, the building is to be repaired, not reconstructed. " The word ' repair ' contemplates an existing structure or thing which has become imperfect by reason of the action of the elements, or otherwise. Reconstruction, on the other hand, presupposes the nonexistence of the thing to be reconstructed, as an entity." (25 R. C. L. § 19. p. 103; *People* v. *Whitelow*, 166 N. Y. Supp. 141, 147; *Brill* v. *Miller*, 140 App. Div. 602, 605.) The defendant has power, under section 184 of its charter, to bid in property at a tax sale and its common council is charged with the care and control of the property so acquired and is empowered to sell, lease and convey the same. There is implied in this grant of power the right to raise money to put the property in condition for use by the city or for its sale

or lease. "What is expressed, even in a grant by the sovereign, includes all that is reasonably implied in the language used." (*Robia Holding Corporation* v. *Walker*, 257 N. Y. 431, 438.) To place the property in such condition that it may be sold and restored to the tax rolls or leased, so the city may derive a revenue from it, is a city purpose within the limitation of article VIII, section 10, of the Constitution of this State. The proposal of the defendant is for the benefit and advantage of all of the people of Salamanca and in which all have a right to share, and this is the test. (*Smith* v. *Smythe*, 197 N. Y. 457, 464.) We cannot inquire into the prudence or wisdom of the proposed expenditure, lease or sale. If the power exists to make the expenditure, lease or sale, "the responsibility for its exercise is not ours." (*Matter of Mayor, etc., of City of New York*, 99 N. Y. 569, 585.) As a condition precedent to a lease or sale of the property in question, the defendant must first enact the ordinance required by paragraph b of subdivision 2 of section 23 of the General City Law.

SEARS, P. J., and LEWIS, J. (dissenting). From stipulated facts before us, reinforced by statements by counsel for defendant in open court, we are convinced that the avails of bonds which defendant proposes to issue are to be expended to meet the cost of betterments to the building in question in addition to the cost of maintaining the same in a reasonable state of preservation. It thus appears that the city's liability upon such bonds would not be an obligation "necessarily incurred" in making a sale or lease of the property within the rule of *Simson* v. *Parker* (190 N. Y. 19, 22), and the proposed borrowing would contravene article VIII, section 10, of the State Constitution. We, therefore, favor answering the first question in the negative and the second question in the affirmative.

Submitted controversy determined in favor of defendant, with costs. Question No. 1 answered in the affirmative; question No. 2 answered in the negative.